IN THE UNITED STATES DISTRICT COURT
DISTRICT OF WESTERN PENNSYLVANIA: ERIE DIVISION

| | |
|---|---|
| Nancy E. Lewen | Case No. |
|     Plaintiff, | |
| -against- | |
| | |
| The Honorable Sandra Edwards Stephens | |
|     Florida Bar License # 384630 | |
|     individually and in her official capacity as | **10 - 1 2 7 3** |
|     Judge of the Fifth Judicial Circuit Court | |
|     Marion County Florida. | |
| David Ellspermann, Clerk of the Court | *RECEIVED* |
| State of Florida | |
|     Department of Revenue- | SEP 2 7 2010 |
|     Central Child Support Disbursement Unit | |
| Gary M. Finnegan | CLERK, U.S. DISTRICT |
| Anne Raduns, PA | WEST. DIST OF PENNSY... COURT |
|     Florida Bar License # 669415 | |
|     Defendants | |

## DISCOVERY MATERIALS NECESSARY TO DECIDE MOTION FOR INJUNCTION

The first pages only of the following documents are provided upon filing of Motion for Preliminary

Injunction. Exhibits will be provided in their entirety at the parties' Rule 26(f) conference:

**Exhibit A-** Unconfirmed Schedules of Arrears, Father to Mother

**Exhibit B-** Unconfirmed Schedule of Arrears, Mother to Father

**Exhibit C-** Filings in Florida Docket- showing Mother's attempts to disclose modifications and arrears.

**Exhibit D-** Final Order Denying Motion to Set Aside Default Judgment September 2, 2010

**Exhibit E-** Complete Demand to Court for Exculpatory and Mitigating Evidence filed July 13, 2010.

**Exhibit F-** Child support hearing ignoring outstanding arrears, attended by attorney Anne Raduns.

**Exhibit G-** Custody hearing alluding to outstanding arrears, attended by attorney Robert Appleget.

**Exhibit H-** Case # 2005-4030-DR- FG, re-assigned to The Honorable Sandra Edwards-Stephens.

**Exhibit I-** Case # 2005- served to Mother with Summons prior to random assignment of judge.

**Exhibit J-** Case # 2005-3999-DR- Original Summons prior to random assignment of judge.

**Exhibit K-** Notice of Administrative Writ of Withholding, Jefferson County Texas February 3, 1999.

**Exhibit L-** Order Reducing Unpaid Child Support to Judgment dated September 15, 1998.

**Exhibit M-** Child Custody/Support Modification Order filed by Nancy E. Finnegan. January 16, 1996.

**Exhibit N-** Child Custody/Support Modification order filed by attorney for Gary Finnegan June 9, 1995.

**Exhibit O–** Original Texas Decree of Divorce, which was registered and modified by Florida Court.

**317th DISTRICT COURT JEFFERSON COUNTY TEXAS**
CAUSE NO.: C-151295

IN THE MATTER OF: )
Nancy E. Lewen aka Nancy E. Finnegan, obligee )
AND )
Gary M. Finnegan, obligor )
)

**SCHEDULE OF ARREARAGES- Total Arrearages from Child Support and Interest**

**Total Arrears as of 11/1/2010:**

| | | |
|---|---|---|
| A. | Amount previously reduced to judgement 2/1/2009 | $ 16,826.81 |
| B. | 12% Interest on amount previously reduced to judgement: | $ 51,587.35 |
| C. | Balance due 11/1/2010 from amount previously reduced to judgmnt: | $ 68,414.16 |
| D. | Support accrued 2/3/1999 through 12/31/2001 | $ 5,100.00 |
| E. | 12% Interest on amount (d) | $ 12,396.34 |
| F. | Balance due 11/1/2010 from unconfirmed amount @ 12% Int: | $ 17,496.34 |
| G. | Support accrued 1/1/2002 through 4/30/2006 (New Fla orders 5/1/2006) | $ 7,800.00 |
| H. | 6% Interest on amount (e) accrued since 1/1/2002 | $ 3,378.60 |
| I. | Balance due 11/1/2010 from unconfirmed amount @ 6% Int: | $ 11,178.60 |
| | | |
| J. | Total arrearages @ 12% Interest: | $ 85,910.50 |
| K. | Total arrearages @ 6% Interest: | $ 11,178.60 |
| L. | Total arrearages as of 11/1/2010 | $ 97,089.10 |

**Total Arrears as of 12/1/2010:**

| | | |
|---|---|---|
| A. | Amount previously reduced to judgement: | $ 16,826.81 |
| B. | 12% Interest on amount previously reduced to judgement: | $ 52,271.50 |
| C. | Balance due 12/1/2010 from amount previously reduced to judgment: | $ 69.098.31 |
| D. | Support accrued 2/3/1999 through 12/31/2001 | $ 5,100.00 |
| E. | 12% Interest on amount accrued (d) | $ 12,571.30 |
| F. | Balance due 12/1/2010 from unconfirmed amount @ 12% Int: | $ 17,671.30 |
| G. | Support accrued 1/1/2002 through 4/30/2006 (New Fla. Orders 5/2/2006) | $ 7,800.00 |
| H. | 6% Interest on amount (e) accrued since 1/1/2002 | $ 3,434.49 |
| I. | Balance due 12/1/2010 from unconfirmed amount @ 6% Int: | $ 11,234.49 |
| | | |
| J. | Total arrearages @ 12% Interest: | $ 86,769.61 |
| K. | Total arrearages @ 6% Interest: | $ 11,234.49 |
| L. | Total arrearages as of 12/1/2010 | $ 98,004.10 |

# Unconfirmed Schedule of Arrears

Marion County Florida        42- 2005-4030-DR-FG
Obligor:      Nancy E. Lewen
Obligee:      Gary M. Finnegan

| Date: | Child Support | Child Care | Interest: | Balance Due: |
|---|---|---|---|---|
| 05/01/06 | $263.55 | $62.08 | $0.00 9% Interest | $325.63 |
| 06/01/06 | $263.55 | $62.08 | $2.44 | $653.70 |
| 07/01/06 | $263.55 | $62.08 | $4.90 | $984.23 |
| 08/01/06 | $263.55 | $62.08 | $7.38 | $1,317.25 |
| 09/01/06 | $263.55 | $62.08 | $9.88 | $1,652.76 |
| 10/01/06 | $263.55 | $62.08 | $12.40 | $1,990.78 |
| 11/01/06 | $263.55 | $62.08 | $14.93 | $2,331.34 |
| 12/01/06 | $263.55 | $62.08 | $17.49 | $2,674.46 |
| 01/01/07 | $263.55 | $62.08 | $24.07 11% Interest | $3,024.16 |
| 02/01/07 | $263.55 | $62.08 | $27.22 | $3,377.01 |
| 03/01/07 | $263.55 | $62.08 | $30.39 | $3,733.03 |
| 04/01/07 | $263.55 | $62.08 | $33.60 | $4,092.26 |
| 05/01/07 | $263.55 | $62.08 | $36.83 | $4,454.72 |
| 06/01/07 | $263.55 | $62.08 | $40.09 | $4,820.44 |
| 07/01/07 | $263.55 | $62.08 | $43.38 | $5,189.45 |
| 08/01/07 | $263.55 | $62.08 | $46.71 | $5,561.79 |
| 09/01/07 | $263.55 | $62.08 | $50.06 | $5,937.47 |
| 10/01/07 | $263.55 | $62.08 | $53.44 | $6,316.54 |
| 11/01/07 | $263.55 | $62.08 | $56.85 | $6,699.02 |
| 12/01/07 | $263.55 | $62.08 | $60.29 | $7,084.94 |
| 01/01/08 | $263.55 | $62.08 | $63.76 11% Interest | $7,474.34 |
| 02/01/08 | $263.55 | $62.08 | $67.27 | $7,867.23 |
| 03/01/08 | $263.55 | $62.08 | $70.81 | $8,263.67 |
| 04/01/08 | $263.55 | $62.08 | $74.37 | $8,663.67 |
| 05/01/08 | $263.55 | $62.08 | $77.97 | $9,067.28 |
| 06/01/08 | $263.55 | $62.08 | $81.61 | $9,474.51 |
| 07/01/08 | $263.55 | $62.08 | $85.27 | $9,885.41 |
| 08/01/08 | $263.55 | $62.08 | $88.97 | $10,300.01 |
| 09/01/08 | $263.55 | $62.08 | $92.70 | $10,718.34 |
| 10/01/08 | $263.55 | $62.08 | $96.47 | $11,140.44 |
| 11/01/08 | $263.55 | $62.08 | $100.26 | $11,566.33 |
| 12/01/08 | $263.55 | $62.08 | $104.10 | $11,996.06 |
| 01/01/09 | $263.55 | $62.08 | $83.97 8% Interest | $12,405.66 |
| 02/01/09 | $263.55 | $62.08 | $86.84 | $12,818.13 |
| 03/01/09 | $263.55 | $62.08 | $89.73 | $13,233.49 |
| 04/01/09 | $263.55 | $62.08 | $92.63 | $13,651.75 |
| 05/01/09 | $263.55 | $62.08 | $95.56 | $14,072.94 |
| 06/01/09 | $263.55 | $62.08 | $98.51 | $14,497.08 |
| 07/01/09 | $263.55 | $62.08 | $101.48 | $14,924.19 |
| 08/01/09 | $263.55 | $62.08 | $104.47 | $15,354.29 |
| 09/01/09 | $263.55 | $62.08 | $107.48 | $15,787.40 |
| 10/01/09 | $263.55 | $62.08 | $110.51 | $16,223.54 |
| 11/01/09 | $263.55 | $62.08 | $113.56 | $16,662.74 |
| 12/01/09 | $263.55 | $62.08 | $116.64 | $17,105.01 |
| 01/01/10 | $263.55 | $62.08 | $85.53 6% Interest | $17,516.16 |
| 02/01/10 | $263.55 | $62.08 | $87.58 | $17,929.37 |
| 03/01/10 | $263.55 | $62.08 | $89.65 | $18,344.65 |
| 04/01/10 | $263.55 | $62.08 | $91.72 | $18,762.00 |
| 05/01/10 | $263.55 | $62.08 | $93.81 | $19,181.44 |
| 06/01/10 | $263.55 | $62.08 | $95.91 | $19,602.98 |
| 07/01/10 | 0 | 0 | $98.01 | $19,701.00 |
| 08/01/10 | 0 | 0 | $98.50 | $19,799.50 |
| 09/01/10 | 0 | 0 | $99.00 | $19,898.50 |
| 10/01/10 | 0 | 0 | $99.49 | $19,997.99 |
| 11/01/10 | 0 | 0 | $99.99 | $20,097.98 |
| 12/01/10 | 0 | 0 | $100.49 | $20,198.47 |
| | $13,177.50 | $3,104.00 | $3,916.97 | |
| | Child Support | Child Care | Interest: | Total |



Marion County Florida Fifth Judicial Circuit Court

Case # 2005-4030-DR-FG

Finnegan v Lewen

## FILINGS IN FLORIDA DOCKET- SHOWING MOTHER'S PRE AND POST TRIAL PLEADINGS WITH ALLEGATIONS OF MODIFICATIONS AND LARGE EXISTING ARREARS BALANCE FROM PRIOR TRIBUNAL

10/23/2006 MOTION FOR THE PRODUCTION OF EXCULPATORY AND MITIGATING EVIDENCE     LEWEN NANCY E

10/23/2006 MOTION TO TOLL TIME     LEWEN NANCY E

10/23/2006 MOTION TO DISQUALIFY ATTORNEYS     LEWEN NANCY E

10/23/2006 MOTION FOR VOLUNTARY RECUSSAL OF PRECIDING JUDGE     LEWEN NANCY E

10/23/2006 MOTION FOR ADMINISTRAIVE JUDICAL REVIEW AND
MOTION TO VACATE AND CLARIFY WRITTEN ORDER OR SHOW CAUSE     LEWEN NANCY E

*09/08/2006 ORDER ESTABLISHING CHILD SUPPORT, RETROACTIVE CHILD SUPPORT AND METHOD OF PAYMENT*

08/31/2006 MOTION TO SUPPRESS EVIDENCE (I did not receive copy of this)     FINNEGAN GARY M

07/12/2006 RESPONDENT'S BRIEF IN SUPPORT OF CHILD SUPPORT ISSUES AND
MOTION TO RULE ON ALL ISSUES / CERTIFICATE OF FONT, TYPE SIZE, AND WORD COUNT
DATED 6/29/06 - WITH TABLE OF CONTENTS AND SEVERAL ATTACHMENTS     LEWEN NANCY E

2/3/2006 UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT AFFIDAVIT     LEWEN NANCY E

2/3/2006 MOTION TO DEVIATE FROM CHILD SUPPORT GUIDELINES     LEWEN NANCY E

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT EXHIBIT **D**
IN AND FOR MARION COUNTY, FLORIDA.

IN RE: The Former Marriage of        CASE NUMBER:2005 4030 DR FG
GARY FINNEGAN,
       Former Husband,
and
NANCY FINNEGAN
n/k/a NANCY LEWEN,
       Former Wife.

_____/

## ORDER DENYING FORMER WIFE'S MOTION TO SET ASIDE DEFAULT OR DEFAULT JUDGMENT

The Court scheduled a hearing on the Former Wife's Motion to Set Aside Default or Default Judgement for September 2, 2010. At the time of the scheduled hearing, movant and opposing party failed to appeared or contacted the Court to request a continuance. Therefore it is,

**ORDERED AND ADJUDGED:**

1. Former Wife's Motion to Set Aside Default or Default Judgement is **denied**.

2. The Clerk of Circuit Court, Family Civil Division is directed to close the reopened case that was reopened on the Former Wife's filing with the Clerk on July 13, 2010.

**DONE AND ORDERED** in Chambers, Ocala, Florida September 3, 2010.

Sandra Edwards-Stephens, Circuit Court Judge

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy hereof was sent by regular U.S. Mail on September 3, 2010 to the following:

Nancy Lewen
Former Wife
48 Rainforest Drive
Brampton, Ontario Canada L6R 1B1

Gary Finnegan
Former Husband
18 Chestnut Place
Ocala, Florida 34480

By_____

**Marion County Florida**
**Fifth Judicial Circuit Court**

Nancy E. Lewen
Petitioner
v
Gary M. Finnegan
Respondent

2005-4030-DR-FG

## DEMAND TO COURT DISCOVERY OF MITIGATING EVIDENCE

**Dear David Ellspermann and Judge Sandra Edwards-Stephens;**

The decision to modify a parent's child support obligation is largely within the sound discretion of the trial court upon consideration of the evidence. *Freeman v. Freeman, 615 So. 2d 225 (Fla. 5th DCA 1993).*

In August 2005 as an act of fraud against the Court, Robert Appleget registered null and void child custody and child support orders, holding them out to be the prior controlling orders. This act concealed prior controlling order dated September 2, 1998 and was an intentional and unjustifiable action by Robert Appleget Esq. and Gary M. Finnegan. Orders that were fraudulently registered to your Court had actually been modified in proceedings initiated by Gary M. Finnegan by and through his attorney, Jeffery Shelton, on June 5, 1995.

Child Support orders were subsequently generated on September 8, 2006 that were **rubber stamped in the name of Judge Sandra Edwards-Stephens** including "child care" expenses from Father's worksheet discretely incorporated into the child support orders for a fifteen year old teenager. These orders also ignored a large child support arrears from the Court holding prior jurisdiction in defiance and contrary to the Full Faith and Credit for Child Support Orders Act. [U.S. Code Title 28 Part V Chapter 115 Sec. 1738B.]

During prior hearing in Jefferson County Texas 317ᵗʰ District Court on September 2, 1998, the Father provided evidence to the Texas Office of the Attorney General of lack of income other than partial military retired disability income due to inability to work because of disability. The Father furthermore provided evidence to the Texas Office of the Attorney General of a doctor's certification of inability to drive a vehicle due to disability. The Father also provided evidence to the Attorney General of evidence of inability to ambulate unassisted.

The Veteran who you awarded child care costs to, for child care expenses for the fifteen year old teenager, had been previously rated by the Department of Veteran's Affairs as *100 percent disabled based on individual unemployability (IU)*. To receive such rating, a veteran must be unable to secure or retain employment by reason of service-connected (SC) disability. The veteran was at the time of the entrance of your orders rated *unemployable by reason of Service Connected disability* having met the schedular requirements of 38 CFR 4.16.



FLORIDA STATUTE 402.302(1) DEFINES "CHILD CARE" AS THE CARE, PROTECTION, AND SUPERVISION OF A CHILD, FOR A PERIOD OF LESS THAN 24 HOURS A DAY ON A REGULAR BASIS, WHICH SUPPLEMENTS PARENTAL CARE, ENRICHMENT, AND HEALTH SUPERVISION FOR THE CHILD, IN ACCORDANCE WITH HIS OR HER INDIVIDUAL NEEDS, AND FOR WHICH A PAYMENT, FEE, OR GRANT IS MADE FOR CARE.  FOR THE PURPOSE OF CHILD SUPPORT ORDERS, FLORIDA STATUTE 16.30 (7) FURTHER DEFINES "CHILD CARE" AS *COSTS INCURRED ON BEHALF OF THE CHILDREN DUE TO EMPLOYMENT, JOB SEARCH, OR EDUCATION CALCULATED TO RESULT IN EMPLOYMENT OR TO ENHANCE INCOME OF CURRENT EMPLOYMENT OF EITHER PARENT.*

On September 8, 2006, in hearing based upon facts and matter of law, the Veteran satisfied you that he had met the requirements of Florida Statute 402.302(1) and Florida Statute 16.30 regarding child care costs for the teenager, and judgment was entered for child care incorporated into "child support."  I am asking that you disclose the discretionary evidence that influenced your decision to grant child care costs on September 8, 2006.

Please provide a copy of any evidence of the father's employment or employability to the Mother.  Please provide a copy of that evidence to the Court holding prior Continuing Exclusive Jurisdiction, the Jefferson County 317th District Court, Case #151295.  **Please also provide a copy of that evidence of employment or employability to the Department of Veteran's Affairs and the Social Security Administration.**

Robert Appleget's deceit was an unethical act contrary to Florida Bar Rules of Professional Conduct Rule 4-8.4 (a)(b)(c).  This act of fraud and disregard for the Full Faith and Credit Clause of the US Constitution has prejudiced me for socioeconomic reasons as an out of state pro se litigant.

**If you do not condone this unjustifiable conduct and act of fraud, please set this fraudulent judgment aside pursuant to Fla. R.C.P. 1.540 and decline jurisdiction for entering any new child support orders in this case pursuant to Florida Statute 61.521, "Jurisdiction declined by reason of conduct." This request is made within a reasonable time of the child who was the subject of these orders turning 19 years old.**

The child who is the subject of these orders turned 19 years old on June 21, 2010.  Marion County Florida court records indicate the last known address of the child is a house that was foreclosed on in case # 42-2008-CA-004034-AXXX-XX filed 8/7/2008.  There has been no contact since your failure to enforce the Father's willful contempt of your visitation orders in 2006, after which the Father changed his phone number and abandoned his home.  When you have entered judgment based upon facts and matters of law, please have the Clerk of this Court send a **signed copy,** (not rubber stamped,) of the judgment you enter to the Clerk of the Jefferson County Texas 317th District Court, which is the Court holding Continuing Exclusive Jurisdiction for final judgment against Gary M. Finnegan for child support arrears of approximately $100,000 owed to Nancy E. Lewen.

Nancy E. Lewen

## IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
## IN AND FOR MARION COUNTY, FLORIDA

IN RE: The Marriage of:
**GARY M. FINNEGAN,**
    Former Husband,

and

**NANCY E. FINNEGAN, n/k/a,**
**NANCY E. LEWEN,**
    Former Wife.

_____/

Case No.: **2005-4030-DR-FG**

*Sept. 8, 2006*
*Ignores subject*
*of father's arrears*

## ORDER ESTABLISHING CHILD SUPPORT, RETROACTIVE CHILD SUPPORT AND METHOD OF PAYMENT

**THIS CAUSE,** having come before me upon the Former Husband's Motion to Establish Child Support, Retroactive Child Support and Method of Payment, upon the appearance of the Former Husband in person, upon the appearance of counsel for the Former Husband, upon the appearance of the Former Wife via telephone, *Pro Se,* the Court having heard testimony of the parties and argument of counsel and being otherwise fully advised in the premises makes the following findings of fact and conclusion of law:

A.    The Former Wife did not make any child support payments to the Former Husband since the entry of the Final Judgment in May, 2006.

B.    The Former Wife owes retroactive child support from May, 2006 through August, 2006.

C.    The Former Wife voluntarily is underemployed. The Court imputed the Former Wife's income at the rate of $9.00 per hour at forty ( 40 ) hours per week.

D.    The Former Wife's current child support obligation is established at

$325.63 per month.

E.    The Former Wife's retroactive child support is established to be $1302.52 and shall be payable at the rate of $25.00 per month until said retroactive support obligation is paid in full.

F.    Counsel for the Former Husband expended two hours in preparation of this instant matter at the rate of $200.00 per hour. Counsel for the Former Husband acknowledged the Former Wife's financial position and agreed to the reasonable and reduced fee in the amount of $250.00 as and for attorneys' fees for the instant child support issue only.

Therefore it is accordingly;

**ORDERED AND ADJUDGED** as follows:

1.    Commencing September 1, 2006 the Former Wife shall pay the sum of $325.63 per month as and for her current child support obligation. Said support shall continue until the first occurrence of the following:

a.    The death of the child;

b.    Attainment of the child's 18th birthday;

c.    The valid marriage of the child;

d.    A lawful entry of the child into the military service of the United States for a continuous period of time for one year or more;

e.    The child becoming self-supporting by permanent and full time employment, exclusive of holidays and vacations; or

f.    Further order of the Court.

IN RE: The Marriage of:
**GARY M. FINNEGAN,**
     Former Husband,

and

**NANCY E. FINNEGAN, n/k/a,**
**NANCY E. LEWEN,**
     Former Wife.

Case No.: **2005-4030-DR-FG**

*May 3, 2006*
*Refers to possibility*
*of father's arrears*
*on page 2*

## FINAL JUDGMENT OF DOMESTICATION AND MODIFICATION OF FOREIGN DECREE OF DIVORCE

THIS CAUSE having come before the Court upon the Order Setting Trial, upon the appearance of the Former Husband, **GARY M. FINNEGAN,** in person and by his counsel, upon the appearance of the Former Wife, **NANCY E. LEWEN,** *Pro Se,* telephonically, the Court having reviewed the court file and the partial Mediation Agreement signed by Husband and by Wife, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law:

A.    This Court has jurisdiction over the parties, the children, and the subject matter of this action;

B.    On or about December 1, 1993, a final Decree of Divorce was entered in the District Court of Jefferson County, Texas, in the 317 Judicial District( hereinafter referred to as the "Final Judgment") regarding child custody, visitation and child support.

C.    There has been a substantial change in circumstances since the entry of the Final Judgment.

D.    The Court reserves jurisdiction to address the issue of child support arrearage owed to the both the Former Husband and Former Wife, if any, as it relates to the parties now adult children, ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄, and the parties minor child, ▄▄▄▄▄▄ ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ when the proper information is provided to the Court.

E.    That the partial Mediation Agreement was entered into by the parties after full disclosure, entered into freely and voluntarily by the parties and under the circumstances appears on the evidence to be in the best interest of the parties and the children.

Therefore it is accordingly;

**ORDERED AND ADJUDGED** as follows:

1.    <u>Domestication</u>: The Former Husband's Petition to Domesticate Foreign Final Decree of Divorce and Supplemental Petition for Modification of Foreign Decree of Divorce as it relates to primary physical residence, shared parental responsibility, child support, and visitation, and support is hereby **granted.**

2.    <u>Primary Physical Residence</u>: The Former Husband shall have primary physical residence of the parties minor child, ▄▄▄▄▄▄▄▄▄▄▄▄▄▄, born ▄▄▄▄ ▄▄▄▄▄▄.

3.    <u>Shared Parental Responsibility</u>: Parental responsibility for the minor child of the parties shall be shared by both the Mother and the Father. Shared parental responsibility means that both parties retain full parental rights and responsibilities

EXHIBIT **H**

## IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
## IN AND FOR MARION COUNTY, FLORIDA

IN RE: The Former Marriage of:

Case No.: 2005- 4C:3C -DR·Fc

*Case re-assigned on 8/29/05 to the Honorable Sandra Edwards-Stephens*

GARY M. FINNEGAN,
    Former Husband,

and

NANCY E. FINNEGAN, n/k/a,
NANCY E. LEWEN,
    Former Wife.

_____/

## PETITION TO DOMESTICATE FOREIGN DECREE OF DIVORCE AND SUPPLEMENTAL PETITION FOR MODIFICATION OF FOREIGN DECREE OF DIVORCE

**COMES NOW,** the Former Husband, **GARY M. FINNEGAN,** by and through his undersigned counsel and files this his Petition to Domesticate Foreign Final Decree of Divorce and Supplemental Petition for Modification of Foreign Decree of Divorce as it relates to primary physical residence, shared parental responsibility, child support, and visitation, and support thereof states the following:

1.    This is an action to domesticate and modify foreign final Decree of Divorce as it relates to primary physical residence, shared parental responsibility, child support, and visitation.

2.    On or about December 1, 1993, a final Decree of Divorce was entered in the District Court of Jefferson County, Texas, in the 317 Judicial District ( hereinafter referred to as the "Final Judgment") regarding child custody, visitation and child support. A copy of the Final Judgment is attached hereto as Exhibit "A" and incorporated by reference.

3.    In accordance with the Full Faith and Credit Clause of the Constitution of the United States, this Court should adopt the foreign Decree of Divorce entered on December

IN RE: The Former Marriage of:

Case No.: 2005-

*no Judge assigned
on filing*

**GARY M. FINNEGAN,**
    Former Husband,

and

**NANCY E. FINNEGAN, n/k/a,
NANCY E. LEWEN,**
    Former Wife.

_____/

## PETITION TO DOMESTICATE FOREIGN DECREE OF DIVORCE AND SUPPLEMENTAL PETITION FOR MODIFICATION OF FOREIGN DECREE OF DIVORCE

    **COMES NOW,** the Former Husband, **GARY M. FINNEGAN,** by and through his undersigned counsel and files this his Petition to Domesticate Foreign Final Decree of Divorce and Supplemental Petition for Modification of Foreign Decree of Divorce as it relates to primary physical residence, shared parental responsibility, child support, and visitation, and support thereof states the following:

    1.    This is an action to domesticate and modify foreign final Decree of Divorce as it relates to primary physical residence, shared parental responsibility, child support, and visitation.

    2.    On or about December 1, 1993, a final Decree of Divorce was entered in the District Court of Jefferson County, Texas, in the 317 Judicial District ( hereinafter referred to as the "Final Judgment") regarding child custody, visitation and child support. A copy of the Final Judgment is attached hereto as Exhibit "A" and incorporated by reference.

    3.    In accordance with the Full Faith and Credit Clause of the Constitution of the United States, this Court should adopt the foreign Decree of Divorce entered on December

# IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
# IN AND FOR MARION COUNTY, FLORIDA

IN RE: The Former Marriage of:
**GARY M. FINNEGAN,**
    Former Husband,
and

**NANCY E. FINNEGAN, n/k/a,**
**NANCY E. LEWEN,**
    Former Wife.

_____/

Case No.: 2005-3999-12  8/26/05

*Case number was assigned to be heard by the Honorable Raymond T. McNeal*

## SUMMONS - PERSONAL SERVICE ON AN INDIVIDUAL

**TO:** Nancy E. Lewen
    13 Beech Street
    Stoneboro, PA 16153

### IMPORTANT

A lawsuit has been filed against you. You have twenty (20) calendar days after this **SUMMONS** is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy or your written response to the Plaintiff/ petitioner named below.

**WARNING:** Rule 12.285, Florida Family Law Rules of Procedure, requires certain automatic disclosure of documents and information. Failure to comply can result in sanctions, including dismissal or striking of pleadings.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene Viente (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado

J-2

immediatamente. Si no conoce a un abogado, puude llamar a una de las oficinas de asistencia legal que aparecen en la quia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "plaintiff/petitioner". (Demandate o Aboeado del Demandante).

AVISO: Regla 12.285 Florida Familia Ley Procedimiento, demanda ciertos reuelaciones de documentos y informacion. Fracaso para cumplir puede resultar en sanciones lo que incluir despedida o manifiesto de abogar.

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jaours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votreargent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (Figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Petitioner" (Plaignant ou a son avocat) nomme ci-dessous.

PREAVIS: Regla 12.285 Les Regles de procedure de "Florida Family Law" exigente une certaine revelation automatique des documents et renseignements. Inobservation de ces regles peut resulter en sanctions, y compris la dissolution our fin des supplications.

ROBERT L. APPLEGET, JR.
ATTORNEY FOR Former Husband
POST OFFICE BOX 1472
OCALA, FLORIDA 34478
Telephone: (352) 840-9660
FLORIDA BAR #166584

STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the petition on the above named individual.
DATED: August 2,2005.
(SEAL)

DAVID R. ELLSPERMANN
CLERK OF THE CIRCUIT COURT

By: _T. White_
Deputy Clerk



NCP Name:     GARY M FINNEGAN
CP Name:      NANCY E FINNEGAN
OAG Number:   1595017951

### CAUSE NUMBER C151295

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE *317TH DISTRICT COURT* |
| *JENNIFER LYNN FINNEGAN* | § | OF |
| *JOSEPH JAMES FINNEGAN* | § | |
| CHILDREN | § | *JEFFERSON* COUNTY, TEXAS |

### NOTICE OF ADMINISTRATIVE WRIT OF WITHHOLDING

*GARY M FINNEGAN*, Obligor, is hereby given notice pursuant to Texas Family Code Chapter 158, Subchapter F, that *his* employer is immediately required to withhold the amounts specified below for payment of *his* current support and periodic medical support obligation, and for any overdue support arrearage, as follows:

OBLIGOR:  *GARY M FINNEGAN*          OBLIGEE:  *NANCY E FINNEGAN*
SSN:      *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*              SSN:      *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*

Obligor's Employer:  *AUTOMOTIVE DEALRSHIP*
*ATTN PAYROLL*
*309 S LOOP HWY 59*
*LIVINGSTON TX 77351*

#### CHILDREN

| Name | Sex | DOB | SSN | DL# | Birthplace |
|---|---|---|---|---|---|
| JENNIFER LYNN FINNEGAN | F | 6/28/84 | 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 | N/A | |
| JOSEPH JAMES FINNEGAN | M | 6/21/91 | 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 | N/A | SUMTER SC |

Current Support Due:           $ 150.00 monthly
Periodic Medical Support Due:  $ 0.00
Total Arrearage, including
$775.55 accrued interest:  $ 16,826.81
As of:  2/3/99

Amounts to be withheld from Obligor's wages upon service of writ:
On Current Support:            $ 150.00 monthly
On Periodic Medical Support:   $ 0.00
On Arrearage Owed:             $ 200.00 monthly

### RIGHTS AND PROCEDURES

Attached to this notice is a copy of the Administrative Writ of Withholding issued in this matter.

EXHIBIT _L_

NCP Name:     *GARY M FINNEGAN*
CP Name:      *NANCY E FINNEGAN*
OAG Number:   *1595017951*

CAUSE NUMBER *C151295 - D*

| IN THE INTEREST OF | § | IN THE *317TH JUDICIAL DISTRICT COURT* |
| *KIMBERLY ANN FINNEGAN* | § | |
| *JENNIFER LYNN FINNEGAN* | § | OF |
| *JOSEPH JAMES FINNEGAN* | § | |
| CHILDREN | § | *JEFFERSON* COUNTY, TEXAS |

ORDER REDUCING UNPAID CHILD SUPPORT TO JUDGMENT

On the _3rd_ day of _September_, 19 _98_, the Court held a hearing in this cause.

The Attorney General appeared by an Assistant Attorney General.

*NANCY E FINNEGAN*, *MOTHER* of the *children*, social security number *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*, driver license number *16116506*, hereinafter referred to as Obligee,

     [_] appeared in person (and by attorney _____);

     [X] agreed to the entry of these orders as evidenced by *her* signature;

     [_] although duly notified, did not appear.

*GARY M FINNEGAN*, *FATHER* of the *children*, social security number *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*, driver license number *16116502*, hereinafter referred to as Obligor,

     [_] appeared in person (and by attorney _____);

     [X] agreed to the entry of these orders as evidenced by *his* signature;

     [_] although duly notified, did not appear.

The Court finds that it has jurisdiction of the parties and the subject matter of this suit, and that the following orders are in the best interest of the *children*.

A record of the proceedings was _Waived_____.

CHILDREN

The Court FINDS that the following *children* are the subject of this suit:

| Name | Sex | DOB | SSN | DL# | Birthplace |
|---|---|---|---|---|---|
| KIMBERLY ANN FINNEGAN | F | 10/24/82 | 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 | N/A | PITTSBURGH PA |
| JENNIFER LYNN FINNEGAN | F | 6/28/84 | 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 | N/A | |
| JOSEPH JAMES FINNEGAN | M | 6/21/91 | 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 | N/A | SUMTER SC |

NO. C-151,295

IN THE INTEREST OF                    *        IN THE DISTRICT COURT

KIMBERLY ANN FINNEGAN,                *        317TH JUDICIAL DISTRICT

A MINOR CHILD                         *        JEFFERSON COUNTY, TEXAS

ORDER ON MOTION TO MODIFY IN SUIT AFFECTING
THE PARENT-CHILD RELATIONSHIP

On the 16th day of January, 1996, hearing was had on Movant's Motion To Modify in Suit Affecting the Parent-Child Relationship.

1.   Appearances.

Movant, NANCY ELIZABETH FINNEGAN, Social Security number 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, driver's license number 16116506, Texas, appeared in person and announced ready for trial.

Respondent, GARY MICHAEL FINNEGAN, Social Security number 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, driver's license number _____, waived issuance and service of citation by waiver duly filed and did not otherwise appear.

2.   Sole Managing Conservator's Consent.

Sole Managing Conservator has consented to the terms of this order as evidenced by Sole Managing Conservator's signature below.

3.   Jurisdiction.

The Court, having examined the pleadings and heard the evidence and argument of counsel, finds that it has continuing, exclusive jurisdiction of this cause and of all the parties and that no other court has continuing, exclusive jurisdiction. A jury was waived, and all matters in controversy, including questions of fact and of law, were submitted to the Court. All persons entitled

1

NO. C-151,295

| | | |
|---|---|---|
| IN THE INTEREST OF | * | IN THE DISTRICT COURT |
| | * | |
| | * | ·317TH JUDICIAL DISTRICT |
| KIMBERLY ANN FINNEGAN, | * | |
| A MINOR CHILD | * | JEFFERSON COUNTY, TEXAS |

## ORDER ON MOTION TO MODIFY IN SUIT AFFECTING
## THE PARENT-CHILD RELATIONSHIP

On the *4th* day of _June_, 1995, hearing was had on
Movant's Motion To Modify in Suit Affecting the Parent-Child
Relationship.

1. Appearances.

Movant, GARY MICHAEL FINNEGAN, Social Security number
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, driver's license number 16116502, Texas, appeared in
person and by attorney and announced ready for trial.

Respondent, NANCY ELIZABETH FINNEGAN, Social Security number
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, driver's license number 16116506, Texas, waived
issuance and service of citation by waiver duly filed and did not
otherwise appear.

2. Sole Managing Conservator's Consent.

Sole Managing Conservator has consented to the terms of this
order as evidenced by Sole Managing Conservator's signature below.

3. Jurisdiction.

The Court, having examined the pleadings and heard the
evidence and argument of counsel, finds that it has continuing,
exclusive jurisdiction of this cause and of all the parties and
that no other court has continuing, exclusive jurisdiction. A jury
was waived, and all matters in controversy, including questions of
fact and of law, were submitted to the Court. All persons entitled

1

**DAVID R. ELLSPERMANN**
Clerk of the Circuit Court
Marion County, Florida





P.O. Box 1030, Ocala, Florida 34478-1030

Telephone (352) 620-3943

August 29, 2005
2005-4030-DR-FG

## NOTICE OF RECORDING FOREIGN JUDGMENT

To: Nancy E. Lewen
13 Beech Street
Stoneboro, PA 16153

YOU ARE HEREBY NOTIFIED that a Foreign Judgment, copy is attached hereto, has been recorded in the office of the Clerk of the Circuit Court, in and for Marion County, Florida, on the ___30___ day of August, 2005 in Official Records Book ___4155___ , Page ___150___ , Public Records of Marion County, Florida.

The name and address of the Petitioner's Attorney in the State of Florida is:

Robert Appleget Jr., P.A.
P.O. Box 1472
Ocala, FL 34478

I HEREBY CERTIFY that the above Notice and a copy of the recorded Foreign Decree has been furnished by Registered United States mail, return receipt requested, to the above named Respondent this ~~29th~~ day of August, 2005.
                                              30

David R. Ellspermann,
Clerk of the Circuit Court
Marion County, Florida

By: _T. White_
     T. White
     Deputy Clerk

Cause No: C-0151295                              12/01/93

IN THE MATTER OF THE MARRIAGE OF:

GARY_MICHAEL_FINNEGAN, Petitioner

AND                                    IN THE DISTRICT COURT

                                       OF  JEFFERSON  COUNTY

NANCY_ELIZABETH_FINNEGAN, Respondent

                                       _317___JUDICIAL DISTRICT

AND IN THE INTEREST OF

KIMBERLY_ANN_FINNEGAN,_JENNIFER_LYNN_FINNEGAN,_and_JOSEPH_JAMES_

FINNEGAN_____CHILD(REN)

### DECREE OF DIVORCE

On the _1_____ day of December_____, 1993_, final hearing was held in this cause.

Petitioner, Gary_Michael_Finnegan, Soc. Sec. No. 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, Driver's License No._TX1611502_____, appeared in person, pro se, and announced ready for trial.

Respondent, Nancy_Elizabeth_Finnegan, Soc. Sec. No. 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, Driver's License No._TX__16116506__, waived issuance and service of citation by waiver duly filed and did not otherwise appear.

The making of a record of testimony was not demanded by the parties so was waived with consent of the Court.

Because a jury was not demanded by either party, the Court tried the cause.

The Court, having examined the pleadings and heard the evidence finds that all necessary residence requirements and prerequisites of law have been legally satisfied; that this Court has personal jurisdication of the parties and of the subject matter of this cause; and that the material allegations of the petition are true.

Page 1 of 10

EXHIBIT O-3

Cause No. C-0151295                    12/01/93

EACH PERSON WHO IS A PARTY TO THIS ORDER OR DECREE IS ORDERED TO NOTIFY THE CLERK OF THIS COURT WITHIN 10 DAYS AFTER THE DATE OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF PLACE OF EMPLOYMENT, OR WORK TELEPHONE NUMBER. aLL NOTICES SHALL BE IN WRITING AND SHALL STATE THE NEW INFORMATION AND EFFECTIVE DATE OF THE CHANGE. THE DUTY TO FURNISH THIS INFORMATION TO THE CLERK OF THE COURT CONTINUES AS LONG AS ANY OBLIGATION TO PAY CHILD SUPPORT OR IS ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD. FAILURE TO OBEY THE ORDER OF THIS COURT TO PROVIDE THE CLERK WITH THE CURRENT MAILING ADDRESS OF A PARTY MAY RESULT IN THE ISSUANCE OF A CAPIAS FOR THE ARREST OF THE PARTY IF THAT PARTY CANNOT BE PERSONALLY SERVED WITH NOTICE OF A HEARING AT AN ADDRESS OF RECORD.

### PROPERTY DIVISION

THE COURT FINDS THAT the parties have entered into a written agreement for the division of their property and debts and that the agreement is just and right.

THE COURT ORDERS AND DECREES that the agreement of the parties for the division of their property and debts be and is approved and incorporated into this decree by reference.

IT IS ORDERED AND DECREED that all relief requested in this cuase and not expressly granted is denied.

Signed and entered this __1__ day of _____Dec_____, 19 93.

_____
Judge presiding in the

_317___ District Court

_Jefferson_ County_____

State of Texas

Approved:

_Gary M. Finnegan_
Petitioner

_Nancy C. Finnegon_
Respondent

Page 10 of 10

I CERTIFY THIS AS A TRUE COPY.
Witness my Hand and Seal of Office

AUG 1 9 1999

JOHN S. APPLEMAN, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
BY _____ DEPUTY