# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF WESTERN PENNSYLVANIA: ERIE DIVISION

| | |
|---|---|
| Nancy E. Lewen, pro se<br><br>                    Plaintiff,<br><br>-against-<br><br>The Honorable Sandra Edwards Stephens<br>       Florida Bar License # 384630<br>       individually and in her official capacity as<br>       Judge of the Fifth Judicial Circuit Court<br>       Marion County Florida.<br>David Ellspermann, Clerk of the Court<br>State of Florida<br>       Department of Revenue-<br>       Central Child Support Disbursement Unit<br>Gary M. Finnegan<br>Anne Raduns, PA<br>       Florida Bar License # 669415<br>                    Defendants | Case No.<br><br><br><br><br>**10 - 1273** |

## NOTICE OF MOTION FOR PRELIMINARY INJUNCTION

TO: The Honorable Sandra Edwards Stephens; David Ellspermann, Marion County Florida Fifth Judicial Circuit Clerk of the Court; State of Florida- Department of Revenue Central Disbursement Unit; Anne Raduns, PA; Gary M. Finnegan

PLEASE TAKE NOTICE, the Plaintiff, Nancy E. Lewen, pro se, hereby submits the attached *Motion for Preliminary Injunction* and *Memorandum in Support of Motion for Preliminary Injunction* pursuant to Fed. R. Civ. P. 65.  You shall have thirty (30) days after service of the attached motion and memorandum in which to serve and file a response, or other time period established by the Court.  No hearing on the motion has yet been scheduled.

Plaintiff respectfully requests a preliminary injunction to enjoin the Defendants **Marion County Florida Fifth Judicial Circuit Court** and **State of Florida Central Disbursement Unit** from engaging in any child support enforcement proceedings against the Mother until this Court holds final hearing on the merits set forth in her *Complaint.*

You are notified that upon the filing of a brief or the expiration of time for the filing of a brief, the motion is deemed submitted to the Court unless counsel for any party requests oral argument on the motion. In the event you request a hearing, you must follow the procedures described in Rule 78(a).

You are further notified that failure to file a responsive brief is an admission that, in the opinion of the party or counsel, the motion for preliminary injunction is meritorious and should be granted.

Dated this _15_ day of September, 2010.

*Nancy P. Lewen*

Nancy E. Lewen, Plaintiff, pro se

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF WESTERN PENNSYLVANIA: ERIE DIVISION

| | |
|---|---|
| Nancy E. Lewen    pro se | Case No. |
| Plaintiff, | |
| -against- | |
| | |
| The Honorable Sandra Edwards Stephens | |
|     Florida Bar License # 384630 | |
|     individually and in her official capacity as | |
|     Judge of the Fifth Judicial Circuit Court | |
|     Marion County Florida. | |
| David Ellspermann, Clerk of the Court | |
| State of Florida | |
|     Department of Revenue- | |
|     Central Child Support Disbursement Unit | |
| Gary M. Finnegan | |
| Anne Raduns, PA | |
|     Florida Bar License # 669415 | |
| Defendants | |

## Motion for Preliminary Injunction

Plaintiff, Nancy E. Lewen, hereinafter referred to as "the Mother," moves for a preliminary injunction pursuant to Fed. R. Civ. P. 65. The Mother files concurrently her *Complaint for Declaratory and Injunctive Relief* and *Memorandum to Accompany Motion for Preliminary Injunction* and *Discovery Materials Necessary to Decide Motion for Preliminary Injunction.*

For reasons stated in the accompanying memorandum, the Mother requests that the Court grant this preliminary injunction motion and preliminarily enjoin the Marion County Florida Fifth Judicial Circuit Court and the State of Florida Central Disbursement Unit from engaging in any child support enforcement proceedings against the Mother until this Court holds final hearing on the merits.

Respectfully Submitted,

*Nancy E. Lewen*    15 Sept 2010

Nancy E. Lewen
Mailing address:
48 Rainforest Drive
Brampton, ON L6R 1B1 Canada

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF WESTERN PENNSYLVANIA: ERIE DIVISION

| | |
|---|---|
| **Nancy E. Lewen, pro se** | Case No. |
| Plaintiff, | |
| -against- | |
| | |
| **The Honorable Sandra Edwards Stephens** | |
| Florida Bar License # 384630 | |
| individually and in her official capacity as | |
| Judge of the Fifth Judicial Circuit Court | |
| Marion County Florida. | |
| **David Ellspermann, Clerk of the Court** | |
| **State of Florida** | |
| Department of Revenue- | |
| Central Child Support Disbursement Unit | |
| **Gary M. Finnegan** | |
| **Anne Raduns, PA** | |
| Florida Bar License # 669415 | |
| Defendants | |

**MEMORANDUM TO ACCOMPANY MOTION FOR PRELIMINARY INJUNCTION**

**Introduction**

The Plaintiff, "the Mother," is a legal resident of Pennsylvania who is living in Canada. The Father's last known residence is Florida. All children who are the subject of this cause have reached the age of majority and graduated high school as of June 2010. The son has been alienated from the Mother and sisters since he went on his summer visitation with the Father in 2001, followed by custody interference/interstate concealment and failure of Florida Court to enforce it's own visitation orders.

As set out fully in the *Complaint,* the Mother complains of extrinsic fraud on the Court and the willful failure of the Defendants to abide by Federal laws and existing Florida Statutes during interstate child support modification proceedings in the Marion County Florida Fifth Judicial Circuit Court, case number 2005-4030-DR-FG, originally filed and served on the Plaintiff as case number 2005-3999-DR.

The Mother and Father are both Pennsylvania natives. In 1982, the Father joined the US Air Force as a mechanic, the parties married, and had a child. Two more children followed in 1984 and 1991. The Father eventually retired on disability from the US Air Force for injuring his back.

1

Original child support orders were entered on December 1, 1993 by Divorce Decree in the
Jefferson County Texas 317th District Court Cause # C-151295 and modified several times by the Texas
Court. The last support order from the Texas Court was in 1998. Upon filing this case, the Mother is
filing first pages of documents as necessary discovery material to decide on this motion for injunction.

### Facts

Original Child Support orders were modified in proceedings initiated by the Father through his
attorney Jeffery Shelton in 1995 and again modified in proceedings filed pro se by the Mother in 1996.
There is an old history on record with this Court of subsequent modifications, repeated contempt of
child support orders by the Father, and enforcement efforts by the Texas Office Attorney (OAG) from
when both parties lived in Texas. On 9/3/1998, the Texas Court held a hearing on the case, on pleadings
presented by the Texas Office of the Attorney General Child Support Enforcement Officer. The Court
confirmed arrears and entered judgment against the Father in the amount of $15,351.26 at 12% interest
as of 8/26/1998.

The Father presented evidence to the Texas OAG that he was unable to work, unable to
ambulate without assistance, and produced a doctor's certification that he was unable to drive because
of his severe disability. This evidence caused his child support obligation to be decreased from
$300/month to $150/month-current, $155/month-arrears for the three children.

The Mother dropped the services of the TX OAG because the Father was upsetting the young
son by showing him OAG paperwork concerning contempt, pointing out the word "jail," and pointing
blame at the Mother.

Balance was again confirmed on 2/3/1999 in the amount of $16,826.81, including $775.55
accrued interest. There were no further orders from the 317th District Court. The Father made no
subsequent child support payments, and none were garnished. The Father eventually committed
custody interference and interstate concealment involving the youngest child, J.J.F., born 1991.

2

In 2005/2006, there was no attempt by the Father or his attorneys to communicate with the Texas Court during fraudulent modification proceedings in Florida, which the Father filed upon the Mother's discovery of the whereabouts of the Father and son in Florida.   Florida attorneys Robert Appleget and Anne Raduns purposely concealed actual prior controlling order and arrears. No effort was made by the Florida Court to communicate with the Texas Court or verify the Mother's evidence.

In 2006, as a courtesy to the Mother during Florida proceedings, the Texas OAG confirmed that large child support arrears balance still existed, but the Mother did not pursue enforcement proceedings in Texas at that time. The mother had requested the information to place on record as evidence for proceedings in Florida in attempt to reconcile the orders from both Courts, as opposed to garnishing 50% of the Father's income, in the best interest of the child who was then living with the obligor.

The  Father disclosed financial evidence during proceedings in Florida. This evidence showed that the father had the financial ability to pay off the arrears from Texas from Dept. of Veteran's Affairs and Social Security Disability income, but willingly chose not to and purposely concealed the arrears in fraudulent proceedings in Florida for no justifiable purpose other than to use the State of Florida as "safe haven" in acts of child support evasion and fraud against the Mother and both Courts.

In addition to filing this federal case for declaratory and injunctive relief, the Mother plans to file child support enforcement proceedings in Texas for garnishment of 50% of the Father's income via withholding order.   Pursuant to 28 U.S.C. § 1738B(g), the Jefferson County Texas 317th District Court can enforce their orders with respect to all non-modifiable obligations and unsatisfied obligations.

**Argument**

In considering a plaintiff's request for a preliminary injunction a court must weigh four factors: (1) whether the plaintiff has a substantial likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable injury were an injunction not granted; (3) whether an injunction would substantially injure other interested parties; and (4) whether the grant of an injunction would further the public interest. [*Serono Labs., Inc. v. Shalala,* 158 F.3d 1313, 1317-18 (D.C. Cir.1998).]

3

**(1) The Mother has a substantial likelihood of success on the merits;**

(a) As responding tribunal, Florida failed to honor the <u>Full Faith and Credit for Child Support Act</u> [28 U.S.C. § 1738B] and <u>Uniform Interstate Family Support Act 2001</u> by not enforcing the orders of the Jefferson County Texas 317th District Court. These acts were unconstitutional and discriminatory against the Mother, who had willingly submitted to the jurisdiction of the Florida Court, and was representing herself from out of state and testifying telephonically during this proceedings.

The Florida case file will show that although the Mother's attempts were novice, the Mother did repeatedly attempt to uphold Federal law and was unsuccessful in influencing the Court to comply with federal law. The child support orders that were generated against the Mother not only ignored the Texas modifications and arrears, but were so fraudulent that they also contained *child care* expenses discretely incorporated into child support payment for a fifteen year old football player.

(b) The Father alleged to Florida child support enforcement officer "Linda Baker" that the Veteran's Administration and Social Security Administration had paid off his arrears, but provided no evidence. The Father did receive monthly benefits from the US Government on behalf of the children for years, even while evading $150/month child Texas support orders for three children. However, the Mother received none of these or any funds on behalf of the Father for the children at any time for child support or any purpose.

The adult daughters received educational funds from the Department of Veteran's Affairs while they were in college, in addition to small retroactive Social Security Disability checks received by the adult daughters in 2002, which were payable to the adult daughters, not the Mother. Per Federal regulation, Dependents' Educational Assistance funds which are paid directly to adult children upon certification of post-secondary school enrollment are conditional upon school enrollment, are not paid to the obligor or the obligee, and ***are not subject to garnishment for child support and/or alimony***. (Code of Federal Regulations, Title 5, Volume 1, Part 581.104.)  A ruling by the Indiana Court of Appeals addresses similar entitlements not

4

being eligible as credit for child support arrears in *Brown v Brown* 823 N.E. 2D 1224, 1227

(Ind. Ct. App. 2005), and cites other appellate cases.

> In *Brown*, the child received a lump sum retroactive Social Security Disability payment
> and the disabled father sought corresponding credit against his child support arrearages.
> The Appellate Court observed that the trial court "carefully considered all of the factors
> in this particular case and found that a credit was not warranted," and affirmed the trial
> court's order that the custodial mother did not have to credit the father for the award.
> The *Brown* Court cited several significant rulings from other Indiana proceedings. *Stultz
> v. Stultz*, 659 N.E. 2D 125 (Ind. 1995). In *Stultz*, the Court approvingly mentioned three
> decisions that *"prohibited the use of benefits payable to children under government
> programs... to offset payments to which the children were otherwise entitled."* *Head v.
> State*, 632 N.E. 2D 749, 752 (Ind Ct. App. 1994.) *Brummet v. Brummett*, 472 N.E. 2D
> 616, 620 (Ind. Ct. App. 1984.) *Kyle v. Kyle*, 582 N.E. 2D 842, 846 (Ind. Ct. App. 1991.)

## (2) The Mother would suffer irreparable injury were an injunction not granted;

The Mother is currently near finalization of permanent residency status in Canada. Due

to residency issues, if the Father initiated enforcement proceedings in Florida, it would hypothetically

entail the coordination of enforcement services from the State of Florida, the Commonwealth of

Pennsylvania, and the Province of Ontario, Canada.   The *Family Responsibility Office,* (the "FRO") is

Ontario's maintenance enforcement program.

Provincial child support enforcement agencies throughout Canada take child support

orders from the United States seriously, and are given the authority to request, in cases of child support

arrears, a suspension of the payer's (Canadian) passport as well as suspension of his or her other

designated Federal licenses, including their permanent residency card.  The FRO also has the discretion

to disclose information regarding the arrears, including arrears from a United States support order, to a

consumer reporting agency. There is no requirement for the FRO to give notice to the payer prior to

making the report.  There is no requirement that the FRO obtain Court approval prior to making the

report. There is no basis for the Canadian Court to make an Order preventing FRO from making a

report.  Without preliminary injunction, the Mother could be denied permanent residency status in

Canada, and have her credit record irreparably damaged.

**(3) A preliminary injunction would not substantially injure other interested parties;**

The Father has failed to seek any child support enforcement efforts against the Mother in Florida since entrance of final judgment on September 8, 2006. Any proceedings now would merely be retaliatory sham proceedings in response to the Mother's Texas enforcement proceedings. There are no minor children involved who are in need of child support. Granting temporary injunctive relief pending hearing on the merits would not substantially injure or cause undue hardship to the Father or any other interested party.

**(4) The grant of an injunction would further the public interest;**

Any Florida enforcement efforts by the Father at this point would stem from retaliatory sham proceedings in response to the Mother's upcoming enforcement proceedings in Texas. Such sham proceedings would be an unnecessary waste of government time and resources.

As responding tribunal, Florida failed to provide due process of law to the Mother, and failed to honor the Full Faith and Credit for Child Support Act [28 U.S.C. § 1738B] and Uniform Interstate Family Support Act 2001. These actions were unconstitutional. This act of extrinsic fraud and failure to abide by Federal law has been addressed by Congress as not in the best interest of the child or either party. As of October 1, 2010, the Mother is in arrears to the Father from Florida orders in unconfirmed amount of: $19,997.99, (including fraudulent "child care expenses" and interest.) The Father is in arrears to the Mother from Texas orders in the unconfirmed amount of $96,182.89.

Had federal law been applied, and the Mother's child support obligation been applied against the Father's obligation, (without fraudulent child care center expenses,) the Mother would not be in arrears to the Father at all, and the Father would only be in arrears to the Mother in the amount of: $85,055.90 as of October 1, 2010. In addition, the Father would have been credited by the Texas Court these past four years for making timely monthly payments against his large outstanding child support arrears balance, which would have been to his benefit in upcoming final enforcement proceedings in Texas. As it stands, the Father's actions, by and through Florida Attorneys, show willful contempt.

6

It is in the public interest to put right the wrongs that were committed against the Mother under color of law to set precedence for future interstate child support modification proceedings where a parent uses one state as "safe haven" for child support evasion of another state's orders.  It is in the public interest to set precedence that in cases where a child is currently living with an obligor of child support arrears, it is in the best interest of the child to reconcile the orders of all Courts by using principles that have already been established by applicable federal laws and state statutes.

### Conclusion

All the required elements for preliminary injunctive relief are met.  This Court should expeditiously grant the requested injunctive relief pending hearing on the merits.  If granted, preliminary injunction should reference case #42-2005-4030-DR-FG and be served to:

State of Florida
Department of Revenue- Central Child Support Disbursement Unit
5050 West Tennessee Street
Tallahassee, FL 32399-0100

Clerk of the Marion County Florida Fifth Judicial Circuit Court
110 NW 1st Avenue
Ocala, Florida 34475

Respectfully Submitted,

Dated 15 Sept 2010

Nancy E. Lewen

Legal address:
13 Beech Street
Stoneboro, PA 16153

Mailing address:
48 Rainforest Drive
Brampton, ON L6R 1B1 Canada

7