## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF WESTERN PENNSYLVANIA: PITTSBURGH DIVISION

| | |
|---|---|
| **NANCY E. LEWEN, pro se** | |
| Plaintiff, | |
| -against- | CIVIL ACTION NO. 10-1273 |
| | JUDGE JOY FLOWERS CONTI |
| **The Honorable Sandra Edwards-Stephens** | |
| *Florida Bar License # 384630, individually and in* | |
| *her official capacity as Judge of the Fifth Judicial* | |
| *Circuit Court Marion County Florida;* | |
| **David Ellspermann,** *Clerk of the Court;* | |
| **State of Florida** *Department of Revenue-* | |
| *Central Child Support Disbursement Unit;* | |
| **Gary M. Finnegan; Anne Raduns, PA** *Florida* | |
| *Bar License # 669415.* | |
| Defendants | |

2011 JAN 18  PH 2: 52
U.S. DISTRICT COURT

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### TABLE OF CONTENTS

APPENDIX OF DOCUMENTS REFERENCED.................................................................2

TABLE OF AUTHORITIES.................................................................................................3

STATEMENT OF THE FACTS OF THIS CASE..............................................................5

STATEMENT OF THE ISSUES.........................................................................................5

LEGAL STANDARDS OF REVIEW.................................................................................6

LEGAL ARGUMENTS.......................................................................................................11

CONCLUSION.....................................................................................................................17

PLAINTIFF'S AFFIDAVIT...............................................................................................18

### APPENDIX OF EXHIBITS

1) Exhibits A-O Previously submitted with Motion for Preliminary Injunction.
2) Exhibit P- Texas Office of the Attorney General- Child Support arrearage balance as of 5/1/2006.
3) Exhibit Q- Memo regarding child support case, from Jefferson County Texas Court Administrator
4) Exhibit R- Notice of Non Representation from Anne E. Raduns Esq. dated September 13, 2010
5) Exhibit S- Final TX and Fla. orders- dated Sept. 3, 1998, May 5, 2006, Sept.8, 2006, Sept. 3, 2010.
6) Exhibit T- Memo from Robert L. Appleget Esq. dated June 16, 2006.
7) Exhibit U- Memo from Anne E. Raduns Esq. dated August 29, 2006.
8) Exhibit V- 2010 Florida pleadings for motion to vacate judgment due to fraud on the Court.

## I. TABLE OF AUTHORITIES

<u>Cases:</u>

*Monroe v. Pape*..........................................................................................................6
365 U.S. 167, 180, (1961)

*Chewning v. Ford Motor Co.*,..................................................................................6
354 S.C. 72, 83-84,

*Cox v. Burke*...............................................................................................................6
706 So. 2d 43, 47 (Fla. 5th DCA 1998)

*Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*......................6
*538 F.2d 180, 195 (8th Cir.1976)*

*Aoude v. Mobil Oil Corp.*...........................................................................................7
892 F.2d 1115, 1118 (1st Cir. 1989)

*Liljeberg v. Health Services Acquisition Corp.*......................................................7
486 U.S. 847, 108 S.Ct. 2194 (1988)

*United States v. Balistrieri*......................................................................................7
779 F.2d 1191 (7th Cir. 1985)

*United States v. Sciuto*..............................................................................................7
521 F.2d 842, 845 (7th Cir. 1996)

*Taylor v. O'Grady*.....................................................................................................7
888 F.2d 1189 (7th Cir. 1989).

*In Pfizer Inc. v. Lord*................................................................................................7
456 F.2d 532 (8th Cir. 1972)

*Tripp v. Executive Office of the President*..............................................................8
196 F.R.D. 201, 202 <u>(D.C. 2000)</u>

*Levine v. United States*.............................................................................................8
362 U.S. 610, 80 S.Ct. 1038 (1960)

*Offutt v. United States*..............................................................................................8
348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954).

*Kelly v. Otte*...............................................................................................................8
123 N.C.App. 585, 474 S.E.2d 131, 134 (1996)

*Twaddell v. Anderson*................................................................................................9
523 S.E.2d 710 (N.C. App. 1999);

*In re Chapman*..........................................................................................................................9
973 S.W.2d 346 (Tex. App. 1998.)

*People v. Zajic*........................................................................................................................11
88 Ill.App.3d 477, 410 N.E.2d 626 (1980)

*Bulloch v. United States*.........................................................................................................13
763 F.2d 1115, 1121 (10th Cir. 1985)

*Kenner v. C.I.R.*......................................................................................................................15
387 F.3d 689 (1968);

## Constitutional Provisions

Due Process Clause of the Fourteenth Amendment to the U.S. Constitution...........................7
The Full Faith and Credit Clause—Article IV, Section 1, of the U.S. Constitution................8

## Statutes, Acts, Codes

28 U.S.C. §455(a).......................................................................................................................8
28 U.S.C. Part V Chapter 115 §1738B Full Faith and Credit for Child Support Orders Act.................8
The Uniform Interstate Family Support Act 2001 (UIFSA)......................................................8
UIFSA Section 317......................................................................................................................9
UIFSA Section 602......................................................................................................................9
UIFSA Section 607......................................................................................................................9
42 U.S.C. § 666 Personal responsibility and Work Opportunity Act.........................................9
42 U.S.C. Section 666(a)(10) Bradley Amendment..................................................................10
Florida Statute 88.6021..............................................................................................................10
Florida Statutes Part III of Chapter 112....................................................................................12
18, U.S.C., Section 241..............................................................................................................11
18, U.S.C., Section 242..............................................................................................................11

## Publications

103rd session of Congress of 1993-1994, (Section 2 of Pub. L. 103-383)...........................13
In Re: Report of the Commission on Family Courts 588 So. 2D 586 (Fla 1991)....................13
Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23.....................................................................15

## Rules

Federal Rules of Civil Procedure Rule 56.................................................................................6
The Florida Bar Rules of Professional Conduct Rule 4-8.4....................................................10
The Code of Judicial Conduct for the State of Florida.............................................................10
Federal Rules of Civil Procedure Rule 60 (b)(5)................................................................15,17
Florida Rules of Civil Procedure Rule 1.540(b)(5)............................................................15,17
Federal Rules of Civil Procedure Rule 42 (a) (2).....................................................................16

## II. STATEMENT OF THE FACTS OF THIS CASE

Plaintiff filed original *Complaint* alleging that a child support judgment entered in the Marion County Florida Fifth Judicial Circuit Court in September 2006 was obtained by fraud upon the Court, discrimination due to socioeconomic status, and other willful constitutional violations.

Plaintiff filed her *Complaint, Motion to Proceed Informa Pauperis,* and *Motion for Preliminary Injunction* on or about October 1, 2010 and submitted Form 285's for all Defendants to be served by the U.S. Marshall.  The Court approved Motion to Proceed Informa Pauperis and on October 28, 2010, the Court entered *NOTICE,* designating the matter for Alternate Dispute Resolution.  The parties were directed to conduct Rule 26 Scheduling.  The Plaintiff mailed *NOTICE, Rule 26 report* and *Stipulation Choosing Binding Arbitration* to Defendants on November 8, 2010.  Rule 26 scheduling was to be complete by December 17, 2010 with Discovery period through December 31, 2010.  There has been no defenses or evidence entered by Defendants, or by general counsel, or by the Florida Attorney General for those judicial officers who are employed by the State of Florida.

## III. STATEMENT OF THE ISSUES

A. Did Robert L. Appleget Esq., deceased, commit Fraud upon the Court?...........................................11

B. Was this "fraud upon the Court,"not merely "fraud"?......................................................................12

C. Were the judicial officer defendants in this case possible accomplices?...........................................13

D. Was there an appearance of partiality, denial of due process, and discrimination?............................13

E. Is the Final Judgment that is the subject of this case invalid?...........................................................14

F. Are all facts before the Court for a determination on the merits of the Complaint?............................14

G. Can the motion for preliminary injunction be consolidated with a decision on the merits?..............15

H. Is the requested relief barred by statute of limitations?....................................................................16

I. Does the State of Texas hold Continuing Exclusive Jurisdiction for enforcement of arrears?...........17

5

## IV. LEGAL STANDARDS OF REVIEW

The court shall grant summary judgment pursuant to Federal Rules of Civil Procedure Rule 56, if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.   Congress mandates federal courts to protect victims of deprivation of rights by state agencies.  It is stated in *Monroe v. Pape*, 365 U.S. 167, 180, (1961),

> "It is abundantly clear that one reason the legislation was passed was to afford a federal right in federal courts because, by reason of prejudice, passion, neglect, intolerance or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, privileges, and immunities guaranteed by the Fourteenth Amendment might be denied by the state agencies."

The basic standard governing fraud on the court is reasonably straightforward. As set forth in *Cox v. Burke, 706 So. 2d 43, 47* (Fla. 5th DCA 1998):

> "The integrity of the civil litigation process depends on truthful disclosure of facts." The requisite fraud on the court occurs where "it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." *Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118* (1st Cir. 1989).

The doctrine of the United States Supreme Court echoed in *Chewning v. Ford Motor Co., 354 S.C. 72, 83-84,* (2003),

> "Attorney fraud calls into question the integrity of the judiciary and erodes public confidence in the fairness of our system of justice. Accordingly, where an attorney embarks on a scheme to either suborn perjury or intentionally conceal documents, extrinsic fraud constituting a fraud upon the court occurs."

*In re: Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 538 F.2d 180, 195* (8th Cir.1976) the Court described the standard of review for fraud upon the court:

> "In order to meet the necessarily demanding standard for proof of fraud upon the court we conclude that there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." We further conclude that a determination of fraud on the court may be justified only by "the most

6

egregious misconduct directed to the court itself," and that it "must be supported by clear, unequivocal and convincing evidence."

Fraud upon the Court by judicial officers is an abuse of discretion. *Aoude v. Mobil Oil, 892 F.2d 1115, 1118* (1st Cir. 1989), on which *Cox* heavily relied, described the abuse of discretion standard of review:

> "While broad, the trial court's discretion is not unlimited. The [trial] judge must consider the proper mix of factors and juxtapose them reasonably. Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them."

The right to a tribunal free from bias or prejudice is based on the Due Process Clause of the U.S. Constitution. *United States v. Sciuto, 521 F.2d 842, 845* (7th Cir. 1996). Throughout the history of the United States of America, its constitutions, statutes and case law have provided standards for fair treatment of all citizens by federal, state and local governments. These standards ensure due process. When a person is treated unfairly by the government, including the courts, he is said to have been deprived of or denied due process. The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution can be defined in one word--fairness. Courts have repeatedly held that positive proof of the partiality of a judge is not a requirement, only the appearance of partiality. *Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194* (1988) (what matters is not the reality of bias or prejudice but its appearance); *United States v. Balistrieri, 779 F.2d 1191* (7th Cir. 1985). That Court also stated that 28 U.S.C. §455(a) of the Judicial Code, "requires a judge to recuse himself in any proceeding in which impartiality might reasonably be questioned." *Taylor v. O'Grady, 888 F.2d 1189* (7th Cir. 1989). In *Pfizer Inc. v. Lord, 456 F.2d 532* (8th Cir. 1972), the Court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice." The U.S. Supreme Court has ruled and has reaffirmed the principle that "justice must satisfy the appearance

7

of justice", *Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038* (1960), citing *Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13* (1954).

"Judge shopping" gives appearance of partiality. In *Tripp v. Executive Office of the President, 196 F.R.D. 201, 202 (D.C. 2000)*, the Court stated, "The fundamental rationale for the general rule requiring random assignment of cases is to ensure greater public confidence in the integrity of the judicial process. The rule guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping."

US Code Title 28 Part V Chapter 115 §1738B Full Faith and Credit for Child Support Orders Act (FFCCSOA) is the practical application of the Full Faith and Credit Clause of the U.S. Constitution as it applies to family law regarding child support orders. The FFCCSOA creates a framework for dealing with foreign support orders, requiring that orders be given full faith and credit by all states. As a general rule, the appropriate authorities of each State shall enforce according to its terms a child support order made by a court of another State. A court of a State that no longer has continuing, exclusive jurisdiction of a child support order may enforce the order with respect to non modifiable obligations and unsatisfied obligations that accrued before the date on which a modification of the order is made. "Child" is defined as a person under 18 years of age; and person 18 or more years of age with respect to whom a child support order has been issued pursuant to laws of a State. "Child support" is defined as a payment of money, continuing support, or arrearages or the provision of a benefit (including payment of health insurance, child care, and educational expenses) for the support of a child. "Child support order" is defined as a judgment, decree, or order of a court requiring the payment of child support in periodic amounts or in a lump sum; and includes a permanent or temporary order; and an initial order or a modification of an order. "The FFCCSOA is binding on all states and supersedes any inconsistent provisions of state law." *Kelly v. Otte, 123 N.C.App. 585, 474 S.E.2d 131, 134* (1996).

8

The Uniform Interstate Family Support Act 2001 (UIFSA) is one of the uniform acts drafted by

the National Conference of Commissioners on Uniform State Laws. First developed in 1992, the

NCCUSL revised the act in 1996 and again in 2001. The act addresses non-payment of child support

obligations and limits the jurisdiction that could properly establish and modify child support orders. It

has been adopted by every U.S. State. In 1996, Congress passed and President Bill Clinton signed the

Personal responsibility and Work Opportunity Act (42 U.S.C. § 666), which required that states adopt

UIFSA by January 1, 1998 or face loss of federal funding for child support enforcement. "Substantial

compliance with the requirements is expected," *Twaddell v. Anderson, 523 S.E.2d 710* (N.C. App.

1999); *In re Chapman, 973 S.W.2d 346* (Tex. App. 1998.)

> UIFSA Section 317 is the section that authorizes communication between tribunals in order to facilitate decisions. A tribunal of one state may communicate with a tribunal of another state in a record, or by telephone or other means, to obtain information concerning laws, the legal effect of a judgment, decree, or order of that tribunal, and the status of a proceeding in the other state.

> UIFSA Section 602 details the procedure to register a child support order from another state for enforcement.  A support order or income-withholding order of another State may be registered  for modification in a State by sending (1) a letter of transmittal to the tribunal requesting registration and enforcement; (2) two copies, including one certified copy, of the order to be registered, including any modification of the order; (3) a sworn statement by the person requesting registration or a certified statement by the custodian of the records showing the amount of any arrearage; (4) the name of the obligor and, if known, the obligor's address and social security number, the name and address of the obligor's employer and any other source of income of the obligor; and a description and the location of property of the obligor in this State not exempt from execution; and (5) except as otherwise provided in Section 312 the name and address of the obligee and, if applicable, the person to whom support payments are to be remitted.  On receipt of a request for registration, the registering tribunal shall cause the order to be filed as a foreign judgment, together with one copy of the documents and information, regardless of their form. A petition or comparable pleading must specify grounds for the remedy sought.

> UIFSA Section 607 details the procedure to contest registration or enforcement. A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more of the following defenses:  (1) the issuing tribunal lacked personal jurisdiction over the contesting party; (2) the order was obtained by fraud; (3) the order has been vacated, suspended, or modified by a later order; (4) the issuing tribunal has stayed the order pending appeal; (5) there is a defense under the law of this State to the remedy sought; (6) full or partial payment has been

made; (7) the statute of limitation under Section 604-precludes enforcement of some or all of the alleged arrearages; or (8) the alleged controlling order is not the controlling order. If a party presents evidence establishing a full or partial defense, a tribunal may stay enforcement of the registered order, continue the proceeding to permit production of additional relevant evidence, and issue other appropriate orders.

The Bradley Amendment, 42 U.S.C. Section 666(a)(10), standardizes the treatment of interstate child support disputes. The amendment disallows any judicial discretion, even from bankruptcy judges Proof of arrearages MUST result in enforcement; all States are required to treat child support payments as final judgments as they come due (or lose federal funding). Arrearages are not subject to retroactive modification.

Florida Statute 88.6021 is the state application of the federal Uniform Interstate Family Support Act of 2001 (UIFSA.) Florida Statute 88.6021 is identical to UIFSA, both in structure and intent.

The Florida Bar Rules of Professional Conduct Rule 4-8.4 states, among other things:

"A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. Rule 4-8.4 furthermore states that a lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis, including, but not limited to, on account of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, socioeconomic status, employment, or physical characteristic. Rule 4-8.4 also states that a lawyer shall not knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law."

Judicial officers take an oath to "support and defend" state and federal constitutions. A judge must not deny anyone their rights to due process of law, access to the courts, freedom of speech, freedom of the press, freedom of religion and many other rights set out in our state and federal constitutions. Florida judges are bound by The Code of Judicial Conduct for the State of Florida: including, CANON 1- " A Judge Shall Uphold the Integrity and Independence of the Judiciary. CANON 2- "A judge shall avoid impropriety and appearance of impropriety in all of the judge's activities." CANON 3- "A Judge Shall Perform Duties of Judicial Office Impartially and Diligently."

10

The above captioned civil action alleges "Fraud upon the Court" under color of law. When an officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court". West's Encyclopedia of American Law defines the term "officer of the court" as an all-inclusive term for any type of court employee, including judges and attorneys.

"A judge is not the court." *People v. Zajic, 88 Ill.App.3d 477, 410 N.E.2d 626* (1980). A judge is an officer of the court, and must comply by the rules of the Court. A state judge is a state judicial officer, paid by the State to act impartially and lawfully. Per West, an attorney is also regarded as being an officer of the court and must comply with court rules and state and federal laws.

A judicial officer of a state, acting under "color of law," may not willfully deprive or conspire to deprive a person of a right protected by the Constitution or U.S. law. "Color of law" means that the person is using authority given to him or her by a local, state, or federal government agency.

Title 18, U.S.C., Section 241 is the federal statute that makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States.

Title 18, U.S.C., Section 242 is the federal statute that prohibits any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived those rights secured or protected by the U.S. Constitution.

Part III of Chapter 112, of the Florida Statutes contains the applicable standards of ethics regarding conduct and disclosures.

11

## V. LEGAL ARGUMENTS

### A. Robert L. Appleget Esq., deceased,
### willfully committed Fraud upon the Court.

In Florida proceedings, NANCY E. LEWEN, pro se, submitted substantial evidence to show existence of modifications, history of contempt documented by the Texas Office of the Attorney General, and outstanding arrears balance. Robert L. Appleget, as counsel for Gary M. Finnegan, committed a fraud that was directed at the Court itself for the purpose of deceiving the Court by registering a certified copy of an old child support order, but failing to register the numerous subsequent modifications that had been made to the order and failing to have his client acknowledge modifications and arrears.   In summer 2007, the Plaintiff was briefly living in Texas and physically examined the case file in the Courthouse of the 317th District Court of Jefferson County Texas.  It was apparent by the amount of dust on the file, and archived location of filing in the courthouse, that the file had not been touched in almost a decade and that no inquiries had been made the year before to that Court by Gary M. Finnegan, or his counsel, or the Marion County Clerk or Florida Court.

Contrary to  UIFSA Section 602 and Florida Statute 88.6021,  Defendant **GARY M. FINNEGAN**, by and through his attorney, failed to register modifications and failed to provide a sworn statement when requesting registration, or a certified statement by the custodian of the records showing the amount of any arrearage. After registering the old child support order to initiate the proceedings, Robert L. Appleget, Esq. then ignored the evidence and defenses submitted by **NANCY E. LEWEN** that the registered order had been modified by later orders and was not the true controlling order.

Robert L. Appleget Esq., now deceased, alluded to existing arrearage during custody proceeding in May 2006, and assured the Court that he would obtain the information.  The Court reserved jurisdiction and continued the  proceeding. The subject was ignored in child support hearing on August 29, 2006, above the protests of **NANCY E. LEWEN**, and ignored in  Final Judgment dated September

12

8, 2006.   The evidence is clear, unequivocal and convincing that Robert L. Appleget Esq. was aware

of the outstanding arrears.  Robert L. Appleget intentionally failed to obtain arrears balance information

from the Texas Office of the Attorney General.  Robert L. Appleget scheduled final child support

hearing, but did not attend.  Child support hearing was attended by Anne E. Raduns, Esq., who also

prepared the orders from the hearing that allege that she had spent two hours preparing for the case.

### B. This was "fraud upon the Court,"by a judicial officer, not merely "fraud" by Obligor

Counsel did not withdraw, and proceedings continued in spite of clear evidence of fraud.

> In *Bulloch v. United States, 763 F.2d 1115, 1121* (10th Cir. 1985), the court stated
> "Fraud upon the court" is fraud which is directed to the judicial machinery itself
> **and is not fraud between the parties** or fraudulent documents, false statements
> or perjury. It is where the court or a member is corrupted or influenced or
> influence is attempted or where the judge has not performed his judicial function
> thus where the impartial functions of the court have been directly corrupted."

### C. The Defendants in this case were possible accomplices to fraud upon the Court.[1]

**ANNE E. RADUNS ESQ.**  attended final hearing and prepared the orders that were so

fraudulent that in addition to ignoring large outstanding child support arrears balance, they discretely

incorporated *child care center expenses* into final child support orders for a 15 year old high school

football player.  On September 21, 2010, shortly after mailing this federal case for filing, the Plaintiff

received  "cease and desist" *Notice of Non Representation,* wherein  **ANNE E. RADUNS ESQ.**  denies

that she ever represented **GARY M. FINNEGAN** as counsel.

The Plaintiff unsuccessfully attempted to contest the fraud in 2006, then waited until her

alienated child reached adulthood before re-approaching the Court,  in the best interest of the child.

---

[1] The methods used in this case were addressed by 103rd session of Congress of 1993-1994, (Section 2
of Pub. L. 103-383) while framing Uniform Interstate Family Support Act.
    This behavior has also been addressed by Florida Supreme Court appointed committees since
1991 and is part of the reason for establishment of a Unified Family Court system. [*In Re: Report of
the Commission on Family Courts 588 So. 2D 586* (Fla 1991)].

The Plaintiff recently re-approached the Court to set the order aside, and was again unsuccessful. **THE HONORABLE SANDRA EDWARDS-STEPHENS** condoned fraud in September 2006 and again in 2010 when Plaintiff specifically said, "if you do not condone this fraud, please set this order aside." **DAVID ELLSPERMANN**, Clerk of Court, permitted Robert L. Appleget Esq. to "judge shop" and failed to follow the proper procedure in registering the foreign judgment. **THE STATE OF FLORIDA DEPARTMENT OF REVENUE-Central Child-Support Disbursement Unit** failed to provide enforcement services to **NANCY E. LEWEN** to establish some sort of administrative offset agreement, although she was entitled to enforcement services by state and federal law.

### D. There was an appearance of partiality, denial of due process, and discrimination based upon socioeconomic status against a pro se out of state litigant.

Proceedings demonstrated an appearance of partiality and discrimination on the basis of socioeconomic status against **NANCY E. LEWEN**, a resident of Pennsylvania. The Court ignored defenses, evidence, and statutory citations made by **NANCY E. LEWEN**, who was testifying by telephone, pro se, and out of state. In addition to being permitted to ignore state and federal laws, Robert L. Appleget Esq. was permitted to "judge shop" prior to proceedings. The Court in this case also failed to enforce contempt for the willful violation of it's own visitation orders, in spite of having been provided with evidence of long history by **GARY M. FINNEGAN** of contempt, child custody interference, interstate concealment, and severe parental alienation. Final child support judgment was so fraudulent that it also discretely contained unsubstantiated child care expenses for a teenager and a father who is documented as too disabled to work, and would not incur child care expenses.

### F. Final Judgment is invalid because it is based on an earlier judgment that has been vacated and it was based upon fraud upon the Court.

The Plaintiff is entitled to relief under Fed. R.C.P. Rule 60 on grounds of Rule 60 (b)(5), *the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been*

*reversed or vacated;* or applying it prospectively is no longer equitable; Federal Rule 60 is consistent

with Florida Rules of Civil Procedure  RULE 1.540(b)(5).  "Fraud upon the court" has been defined by

the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the

court itself, or is a fraud perpetrated by *officers of the court* so that the judicial machinery can not

perform in the usual manner its impartial task of adjudging cases that are presented for adjudication."

*Kenner v. C.I.R., 387 F.3d 689* (1968); Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23. The 7th Circuit

further stated **"a decision produced by fraud upon the court is not in essence a decision at all, and**

**never becomes final** *"*

### F.  All facts relevant to resolving the issue
### of the Complaint are already before the Court.
### A Determination on the Merits of the Complaint
### Relies on Purely Legal Issues.

There is no conflict of material fact here; the facts lie within the previous court judgments, are

straightforward and sufficient to resolve this matter. The Defendants have submitted no defenses or

additional evidence.  If Defendants fail to respond within thirty (30) days of this Motion, sole

attendance by the Plaintiff at Alternate Dispute Resolution would be wasteful of the Court's resources.

Summary judgment based on review of the merits of the Complaint with entrance of declaratory and

injunctive relief would be judicious.  The Plaintiff is enclosing copies of the relevant orders from both

the Florida and the Texas tribunals as exhibits for the Court to inspect before entering summary

judgment. The Plaintiff is also submitting recently obtained balance information from the Texas Office

of the Attorney General, showing that they discontinued their services in May 2006 when the arrearage

balance was over $44, 000. The Plaintiff is submitting communication from the Court Administrator in

the Jefferson County Texas 317th Judicial Disrict Court. The Honorable Larry Thorne has recently

reviewed the Texas case file, and confirmed that "Florida is dealing with the child support case."

Some documents are not filed in their entirety.  The Plaintiff has extracted and highlighted the relevant

portions of each referenced document and included appropriate identification.

### G.  Decision on the motion for preliminary
### injunction is essentially a decision on the merits.

Pursuant to Fed. R.C. P. Rule 42 (a) (2) if actions before the court involve a common question of law or fact, the court may consolidate the actions. The Plaintiff's primary objective in bringing this suit is for relief to prevent enforcement of a judgment that was obtained unlawfully, and declaratory relief to confirm jurisdiction for enforcement of arrears and garnishability of pay sources.

If the Court finds that the defendants should be enjoined from enforcing the judgment, the subject of the preliminary injunction motion, consolidation of the *Motion for Preliminary Injunction* with the *Motion for Summary Judgment* will merely formally recognize that the injunctive relief should be permanent in nature as opposed to temporary.

Plaintiff, **NANCY E. LEWEN**, is entitled to declaratory relief confirming that Defendants violated the Plaintiff's legal rights as secured by the U.S. Constitution and existing Florida statutes when registering a child support order from the State of Texas for modification by the State of Florida.

Plaintiff, **NANCY E. LEWEN**, is entitled to declaratory relief confirming that attorney Robert L. Appleget Esq., acted outside of the scope of his professional duties, and committed an act of fraud upon the court on behalf of Defendant **GARY M. FINNEGAN** for purpose of child support evasion.

Plaintiff, **NANCY E. LEWEN**, is entitled to injunctive relief to enjoin Defendants from enforcing final judgment entered on September 8, 2006 in the Marion County Florida Fifth Judicial Circuit Court. Judgment was obtained by fraud upon the Court and is *invalid.*

### H. There  is no Federal or State
### Statute of Limitations for Fraud upon the Court.

There is no statute of limitations for relief from fraud upon the court pursuant to *Federal R.C.P. Rule 60 (d)(3) which is* consistent with Florida Rules of Civil Procedure  RULE 1.540(b)(5).

16

### I. The State of Texas Holds Continuing Exclusive
### Jurisdiction to Enforce Arrearages

The State of Florida reserved jurisdiction on child support issues, *could* have, and *should* have,

enforced the arrearages by the provisions afforded to the Florida Court by existing State statute and

federal laws.  The Honorable Larry Thorne of Jefferson County Texas recently reviewed the Florida

orders, and acknowledges in attached memo from the Clerk of Court and subsequent email

correspondence from the Court Administrator, that "Florida is dealing with the child support case."  In

that Florida has reserved jurisdiction, it would be judicious to clarify and confirm that Texas holds

Continuing Exclusive Jurisdiction.

### VI.  CONCLUSION

WHEREFORE, for the foregoing reasons, if the defendants do not submit any evidence within

thirty (30) days to dispute the factual allegations of the Complaint, this Court should consolidate the

*Motion for Preliminary Injunction* with a hearing on the merits of the *Complaint*, and grant the

Plaintiff's *Motion for Summary Judgment* for declaratory and injunctive relief.

Respectfully Submitted,


_____          31 Dec 2010
NANCY E. LEWEN, Plaintiff, pro se          Date
48 Rainforest Drive
Brampton, ON L6R 1B1 Canada
nlewen@indstate.edu
647-222-4757


17

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF WESTERN PENNSYLVANIA: PITTSBURGH DIVISION

| | |
|---|---|
| NANCY E. LEWEN, pro se | |
|                     Plaintiff, | |
| -against- | CIVIL ACTION NO. 10-1273 |
| | JUDGE JOY FLOWERS CONTI |
| The Honorable Sanra Edwards-Stephens | |
| *Florida Bar License # 384630, individually and in* | |
| *her official capacity as Judge of the Fifth Judicial* | |
| *Circuit Court Marion County Florida;* | |
| David Ellspermann, *Clerk of the Court;* | |
| State of Florida *Department of Revenue-* | |
| *Central Child Support Disbursement Unit;* | |
| Gary M. Finnegan; Anne Raduns, PA *Florida* | PLAINTIFF'S AFFIDAVIT |
| *Bar License # 669415.* | |
|                 Defendants | |

I, Nancy E. Lewen, being duly sworn, state as follows:

1. I am the plaintiff in the above-entitled action.

2. My claims are for declaratory and injunctive relief from an act of fraud upon the court and other civil rights violations committed in the year 2006 by deceased attorney Robert L. Appleget Esq., Florida Bar License #166584, on behalf of Gary M. Finnegan for purpose of interstate evasion of a large arrearage balance owed from Texas child support orders of approximately $46,000 as of May 2006.

3. I swear to the best of my knowledge that the court records and other documents that I have submitted as evidence are the truthful records of child support arrearage owed from Gary M. Finnegan to myself and that there are no other records in this case that would show a history of child support payments being made from Gary M. Finnegan, or from any other person or entity acting on behalf of Gary M. Finnegan, to myself since the last successful child support garnishment made by the Texas Office of the Attorney General in the year 1999.

*Nancy E. Lewen Dec 28, 2010*
Nancy E. Lewen, Plaintiff, pro se
48 Rainforest Drive
Brampton, ON L6R 1B1 Canada
nlewen@indstate.edu
647-222-4757

Sworn to and subscribed before
me this 28th day of December,
~~2009~~ 2010.

Notary Public
MY COMMISSION EXPIRES: 3/6/11

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Harold J. Mazon, Jr., Notary Public
Neshannock Twp., Lawrence County
My Commission Expires March 6, 2011
Member, Pennsylvania Association of Notaries

18

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Plaintiff's Motion For SUMMARY Judgment, and MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT have been mailed by Canada Post to:

State of Florida Office of the Attorney General  (for Def. Stephens, Ellspermann and State of Florida)
Dept. of Legal Affairs- The Capitol
Tallahassee, Florida 32399-1050

Anne Raduns, PA
221 NW 4th Street
Ocala FL 34475

Gary M. Finnegan
18 Chestnut Place
Ocala, FL 34480

_Nancy Ehren_                         31 Dec. 2010
NANCY E. LEWEN, Plaintiff, pro se            Date
48 Rainforest Drive
Brampton, ON L6R 1B1 Canada

Nancy E. Lewen
48 Rainforest Drive
Brampton, ON L6R 1B1

State of Florida Office of the Attorney General
Dept. of Legal Affairs- The Capitol
Tallahassee, Florida 32399-1050

Re:     US District Court of Western Pennsylvania Civil Case # 10-1273
        On behalf of Defendants: Stephens, Ellspermann, State of Florida

December 29, 2010

Dear Sir;

        Although you have not entered Notice of Appearance, enclosed find ***Motion for Summary Judgment*** for declaratory and injunctive relief, and **Exhibits P and Q** for your review as counsel for the state judicial officer Defendants in the above referenced case.

        Exhibits A-O were provided to Defendants upon filing of the case.  All other referenced exhibits are on record with the Marion County Florida Fifth Judicial Circuit Court, case # 2005-4030-DR-FG. Please respond in a timely manner if you wish to participate and defend against my allegation of an act of fraud upon the Court being committed by Florida attorney Robert L. Appleget, Esq., now deceased.

Sincerely,

Nancy E. Lewen
48 Rainforest Drive
Brampton, ON L6R 1B1
nlewen@indstate.edu
647-222-4757

20

EXHIBIT P



Jane Birge
Chief Deputy

Domestic Relations
409-835-8653

Child Support
P. O. Box 3586
Beaumont, TX 77704
409-835-8425

# LOLITA RAMOS
### District Clerk
1001 Pearl Street Suite 203 • Beaumont, TX 77701 • 409-835-8580 • Fax 409-835-8527

September 23, 2010

NANCY E. LEWEN
48 RAINFOREST DRIVE
BRAMPTON, ON L6R 1B1

RE: C-151295

DEAR MS. LEWEN:

AS PER SUSIE O'QUINN, CORDINATOR OF THE 317TH DISTRICT COURT, WE ARE UNABLE TO FILE YOUR MOTION FOR ENFORCEMENT OR FILE THE PROTECTIVE ORDER. WE CANNOT ACCEPT OUT OF STATE CHECKS.

~~THE STATE OF FLORIDA IS DEALING WITH THE CHILD SUPPORT CASE.~~

ENCLOSED, PLEASE FIND YOUR PLEADINGS.

SINCERELY,
LOLITA RAMOS, DISTRICT CLERK

BY C. MOULDER, DEPUTY CLERK

ENC.

Case ID: 1595017951  Cause Number: C151295
NCP: FINNEGAN, GARY M  CP: LEWEN, NANCY E

**EXHIBIT Q-1
(5 PAGES)**

| Trans Date | Activity Type | Transaction Amount | Amount Due | Amount Applied | Child Support Balance |
|---|---|---|---|---|---|
| 08.25.1998 | Amount Due | 15,351.26 | 15,351.26 | | 15,351.26 |
| 09.30.1998 | Amount Due | 153.51 | 153.51 | | 15,504.77 |
| 10.01.1998 | Amount Due | 505.00 | 150.00 | | 15,654.77 |
| 10.31.1998 | Amount Due | 153.51 | 153.51 | | 15,808.28 |
| 11.01.1998 | Amount Due | 305.00 | 150.00 | | 15,958.28 |
| 11.09.1998 | Collection | −50.00 | | −50.00 | 15,908.28 |
| 11.30.1998 | Amount Due | 155.01 | 155.01 | | 16,063.29 |
| 12.01.1998 | Amount Due | 305.00 | 150.00 | | 16,213.29 |
| 12.31.1998 | Amount Due | 156.01 | 156.01 | | 16,369.30 |
| 01.01.1999 | Amount Due | 305.00 | 150.00 | | 16,519.30 |
| 01.31.1999 | Amount Due | 157.51 | 157.51 | | 16,676.81 |
| 02.01.1999 | Amount Due | 305.00 | 150.00 | | 16,826.81 |
| 02.28.1999 | Amount Due | 159.01 | 159.01 | | 16,985.82 |
| 03.01.1999 | Amount Due | 305.00 | 150.00 | | 17,135.82 |
| 03.08.1999 | Collection | −355.00 | | −355.00 | 16,785.82 |
| 03.31.1999 | Amount Due | 158.65 | 158.65 | | 16,944.47 |
| 04.01.1999 | Amount Due | 305.00 | 150.00 | | 17,094.47 |
| 04.08.1999 | Collection | −355.00 | | −355.00 | 16,744.47 |
| 04.30.1999 | Amount Due | 156.70 | 156.70 | | 16,901.17 |
| 05.01.1999 | Amount Due | 305.00 | 150.00 | | 17,051.17 |
| 05.12.1999 | Collection | −355.00 | | −355.00 | 16,701.17 |
| 05.31.1999 | Amount Due | 154.73 | 154.73 | | 16,855.90 |
| 06.01.1999 | Amount Due | 305.00 | 150.00 | | 17,005.90 |
| 06.30.1999 | Amount Due | 154.73 | 154.73 | | 17,160.63 |
| 07.01.1999 | Amount Due | 305.00 | 150.00 | | 17,310.63 |
| 07.09.1999 | Collection | −50.00 | | −50.00 | 17,233.63 |
| 07.23.1999 | Collection | −50.00 | | −50.00 | 17,193.63 |
| 07.23.1999 | Collection | −85.00 | | −85.00 | 17,070.63 |
| 07.23.1999 | Collection | −80.00 | | −80.00 | 16,990.63 |
| 07.31.1999 | Amount Due | 154.55 | 154.55 | | 17,145.18 |
| 08.01.1999 | Amount Due | 305.00 | 150.00 | | 17,295.18 |
| 08.31.1999 | Amount Due | 154.55 | 154.55 | | 17,449.73 |
| 09.01.1999 | Amount Due | 305.00 | 150.00 | | 17,599.73 |
| 09.30.1999 | Amount Due | 156.05 | 156.05 | | 17,755.78 |
| 10.01.1999 | Amount Due | 305.00 | 150.00 | | 17,905.78 |
| 10.31.1999 | Amount Due | 157.55 | 157.55 | | 18,063.33 |
| 11.01.1999 | Amount Due | 305.00 | 150.00 | | 18,213.33 |
| 11.30.1999 | Amount Due | 159.05 | 159.05 | | 18,372.38 |
| 12.01.1999 | Amount Due | 305.00 | 150.00 | | 18,522.38 |
| 12.31.1999 | Amount Due | 160.55 | 160.55 | | 18,682.93 |
| 01.31.2000 | Amount Due | 305.00 | 150.00 | | 18,832.93 |
| 02.01.2000 | Amount Due | 160.55 | 160.55 | | 18,993.48 |
| 02.01.2000 | Amount Due | 305.00 | 150.00 | | 19,143.48 |
| 02.29.2000 | Amount Due | 162.05 | 162.05 | | 19,305.53 |
| 03.01.2000 | Amount Due | 305.00 | 150.00 | | 19,455.53 |

Attorney General of Texas – Child Support Division
Financial Activity Report as of 10/29/2010
Case ID: 1595017251          Cause Number: C151295
NCP: FINNEGAN, GARY M          CP: LEWEN, NANCY E



Q-2

| Trans Date | Activity Type | Transaction Amount | Amount Due | Child Support Amount Applied | Balance |
|---|---|---|---|---|---|
| | Amount Due | 163.55 | 163.55 | | 19,519.03 |
| | Amount Due | 305.00 | 150.00 | | 19,769.03 |
| | Amount Due | 165.05 | 165.05 | | 19,634.13 |
| | Amount Due | 305.00 | 150.00 | | 20,084.13 |
| | Amount Due | 164.55 | 164.55 | | 20,250.63 |
| | Amount Due | 305.00 | 150.00 | | 20,400.63 |
| | Amount Due | 163.05 | 163.05 | | 20,563.73 |
| | Amount Due | 305.00 | 150.00 | | 20,713.73 |
| | Amount Due | 169.55 | 169.55 | | 20,883.28 |
| | Amount Due | 305.00 | 150.00 | | 21,033.28 |
| | Amount Due | 171.05 | 171.05 | | 21,209.33 |
| | Amount Due | 305.00 | 150.00 | | 21,359.33 |
| | Amount Due | 172.55 | 172.55 | | 21,531.88 |
| | Amount Due | 305.00 | 150.00 | | 21,681.88 |
| | Amount Due | 174.05 | 174.05 | | 21,855.93 |
| | Amount Due | 305.00 | 150.00 | | 22,005.93 |
| | Amount Due | 175.55 | 175.55 | | 22,181.48 |
| | Amount Due | 305.00 | 150.00 | | 22,331.48 |
| | Amount Due | 177.05 | 177.05 | | 22,508.53 |
| | Amount Due | 305.00 | 150.00 | | 22,658.53 |
| | Amount Due | 178.55 | 178.55 | | 22,837.08 |
| | Amount Due | 305.00 | 150.00 | | 22,987.08 |
| | Amount Due | 150.05 | 150.05 | | 23,157.13 |
| | Amount Due | 305.00 | 150.00 | | 23,317.13 |
| | Amount Due | 181.55 | 181.55 | | 23,498.68 |
| | Amount Due | 305.00 | 150.00 | | 23,648.68 |
| | Amount Due | 183.05 | 183.05 | | 23,831.73 |
| | Amount Due | 305.00 | 150.00 | | 23,981.73 |
| | Amount Due | 184.55 | 184.55 | | 24,166.28 |
| | Amount Due | 305.00 | 150.00 | | 24,316.28 |
| | Amount Due | 186.05 | 186.05 | | 24,502.33 |
| | Amount Due | 305.00 | 150.00 | | 24,652.33 |
| | Amount Due | 187.55 | 187.55 | | 24,839.88 |
| | Amount Due | 305.00 | 150.00 | | 24,989.88 |
| | Amount Due | 189.05 | 189.05 | | 25,178.93 |
| | Amount Due | 305.00 | 150.00 | | 25,328.93 |
| | Amount Due | 190.55 | 190.55 | | 25,519.48 |
| | Amount Due | 305.00 | 150.00 | | 25,669.48 |
| | Amount Due | 192.05 | 192.05 | | 25,861.53 |
| | Amount Due | 305.00 | 150.00 | | 26,011.53 |
| | Amount Due | 193.55 | 193.55 | | 26,205.08 |
| | Amount Due | 305.00 | 150.00 | | 26,355.08 |
| | Amount Due | 195.05 | 195.05 | | 26,550.13 |
| | Amount Due | 305.00 | 150.00 | | 26,700.13 |
| | Amount Due | 175.05 | 175.05 | | 26,875.18 |

Attorney General of Texas
Child Support Division
Financial Activity Report as of 10/29/2010
Case ID: 1595017931
NCP: FINNEGAN, GARY M
Cause Number: C131205
CP: LEWEN, NANCY E

Page: 3
Date: 10/29/2010

Q-3

| Trans Date | Activity Type | Transaction Amount | Child Support Amount Due | Amount Applied | Balance |
|---|---|---|---|---|---|
| | Amount Due | 325.00 | 150.00 | | 27,025.16 |
| | Amount Due | 175.75 | 175.75 | | 27,200.94 |
| | Amount Due | 325.00 | 150.00 | | 27,350.94 |
| | Amount Due | 176.53 | 176.53 | | 27,527.47 |
| | Amount Due | 325.00 | 150.00 | | 27,677.47 |
| | Amount Due | 177.28 | 177.28 | | 27,854.75 |
| | Amount Due | 325.00 | 150.00 | | 28,004.75 |
| | Amount Due | 178.03 | 178.03 | | 28,182.78 |
| | Amount Due | 325.00 | 150.00 | | 28,332.78 |
| | Amount Due | 178.78 | 178.78 | | 28,511.56 |
| | Amount Due | 325.00 | 150.00 | | 28,661.56 |
| | Amount Due | 179.53 | 179.53 | | 28,841.06 |
| | Amount Due | 325.00 | 150.00 | | 28,991.06 |
| | Amount Due | 181.25 | 181.25 | | 29,171.37 |
| | Amount Due | 325.00 | 150.00 | | 29,321.37 |
| | Amount Due | 181.03 | 181.03 | | 29,502.45 |
| | Amount Due | 325.00 | 150.00 | | 29,652.45 |
| | Amount Due | 181.78 | 181.78 | | 29,834.18 |
| | Amount Due | 325.00 | 150.00 | | 29,984.18 |
| | Amount Due | 182.53 | 182.53 | | 33,165.71 |
| | Amount Due | 325.00 | 150.00 | | 33,316.71 |
| | Amount Due | 183.28 | 183.28 | | 33,499.99 |
| | Amount Due | 325.00 | 150.00 | | 33,649.99 |
| | Amount Due | 184.25 | 184.25 | | 33,834.02 |
| | Amount Due | 184.75 | 184.75 | | 33,684.02 |
| | Amount Due | 325.00 | 150.00 | | 31,163.80 |
| | Amount Due | 185.53 | 185.53 | | 31,318.80 |
| | Amount Due | 325.00 | 150.00 | | 31,504.33 |
| | Amount Due | 182.28 | 182.28 | | 31,654.33 |
| | Amount Due | 325.00 | 150.00 | | 31,843.61 |
| | Amount Due | 187.03 | 187.03 | | 31,990.61 |
| | Amount Due | 325.00 | 150.00 | | 32,177.64 |
| | Amount Due | 187.78 | 187.78 | | 32,327.64 |
| | Amount Due | 325.00 | 150.00 | | 32,515.42 |
| | Amount Due | 183.53 | 183.53 | | 32,665.42 |
| | Amount Due | 325.00 | 150.00 | | 32,853.95 |
| | Amount Due | 187.28 | 187.28 | | 33,003.95 |
| | Amount Due | 325.00 | 150.00 | | 33,193.23 |
| | Amount Due | 191.03 | 191.03 | | 33,343.23 |
| | Amount Due | 325.00 | 150.00 | | 33,533.25 |
| | Amount Due | 191.75 | 191.75 | | 33,583.25 |
| | Amount Due | 325.00 | 150.00 | | 33,874.04 |
| | Amount Due | 191.53 | 191.53 | | 34,024.04 |
| | Amount Due | 325.00 | 150.00 | | 34,215.67 |

Attorney General of Texas – Child Support Division
Financial Activity Report as of 10/29/2010

Case ID: 1595017551
NCP: FINNEGAN, GARY M

Cause Number: C151295
CP: LEWEN, NANCY E

Q-4

| Trans Date | Activity Type | Transaction Amount | Child Support Amount Due | Amount Applied | Balance |
|---|---|---|---|---|---|
| 12/31/2003 | Amount Due | 192.45 | 192.45 | | 34,557.85 |
| 01/31/2004 | Amount Due | 305.00 | 150.00 | | 34,707.85 |
| 01/31/2004 | Amount Due | 193.33 | 193.33 | | 34,900.85 |
| 02/29/2004 | Amount Due | 305.00 | 150.00 | | 35,050.85 |
| 02/31/2004 | Amount Due | 193.78 | 193.78 | | 35,244.64 |
| 03/31/2004 | Amount Due | 305.00 | 150.00 | | 35,394.66 |
| 03/31/2004 | Amount Due | 194.53 | 194.53 | | 35,589.19 |
| 04/30/2004 | Amount Due | 305.00 | 150.00 | | 35,739.19 |
| 04/31/2004 | Amount Due | 195.28 | 195.28 | | 35,934.47 |
| 05/31/2004 | Amount Due | 305.00 | 150.00 | | 36,084.47 |
| 05/31/2004 | Amount Due | 196.03 | 196.03 | | 36,280.50 |
| 06/30/2004 | Amount Due | 305.00 | 150.00 | | 36,430.50 |
| 06/31/2004 | Amount Due | 196.78 | 196.78 | | 36,627.28 |
| 07/31/2004 | Amount Due | 305.00 | 150.00 | | 36,777.28 |
| 07/31/2004 | Amount Due | 197.53 | 197.53 | | 36,974.81 |
| 08/31/2004 | Amount Due | 305.00 | 150.00 | | 37,124.81 |
| 08/31/2004 | Amount Due | 198.28 | 198.28 | | 37,323.09 |
| 09/30/2004 | Amount Due | 305.00 | 150.00 | | 37,473.09 |
| 09/31/2004 | Amount Due | 199.03 | 199.03 | | 37,672.12 |
| 10/31/2004 | Amount Due | 305.00 | 150.00 | | 37,822.12 |
| 10/31/2004 | Amount Due | 199.78 | 199.78 | | 38,021.90 |
| 11/30/2004 | Amount Due | 305.00 | 150.00 | | 38,171.90 |
| 11/31/2004 | Amount Due | 200.55 | 200.55 | | 38,372.45 |
| 12/31/2004 | Amount Due | 305.00 | 150.00 | | 38,522.43 |
| 12/31/2004 | Amount Due | 201.48 | 201.48 | | 38,723.91 |
| 01/31/2005 | Amount Due | 305.00 | 150.00 | | 38,873.91 |
| 01/31/2005 | Amount Due | 201.83 | 201.83 | | 39,075.74 |
| 02/28/2005 | Amount Due | 305.00 | 150.00 | | 39,225.74 |
| 02/31/2005 | Amount Due | 202.78 | 202.78 | | 39,428.52 |
| 03/31/2005 | Amount Due | 305.00 | 150.00 | | 39,578.52 |
| 03/31/2005 | Amount Due | 203.53 | 203.53 | | 39,782.05 |
| 04/30/2005 | Amount Due | 305.00 | 150.00 | | 39,932.05 |
| 04/31/2005 | Amount Due | 204.28 | 204.28 | | 40,136.33 |
| 05/31/2005 | Amount Due | 305.00 | 150.00 | | 40,286.33 |
| 05/31/2005 | Amount Due | 205.03 | 205.03 | | 40,491.36 |
| 06/30/2005 | Amount Due | 305.00 | 150.00 | | 40,641.36 |
| 06/31/2005 | Amount Due | 205.78 | 205.78 | | 40,847.14 |
| 07/31/2005 | Amount Due | 305.00 | 150.00 | | 40,997.14 |
| 07/31/2005 | Amount Due | 206.53 | 206.53 | | 41,203.67 |
| 08/31/2005 | Amount Due | 305.00 | 150.00 | | 41,353.67 |
| 08/31/2005 | Amount Due | 207.28 | 207.28 | | 41,560.95 |
| 09/30/2005 | Amount Due | 305.00 | 150.00 | | 41,710.95 |
| 09/31/2005 | Amount Due | 208.03 | 208.03 | | 41,918.98 |
| 10/31/2005 | Amount Due | 305.00 | 150.00 | | 42,068.98 |
| 10/31/2005 | Amount Due | 208.78 | 208.78 | | 42,277.76 |

Attorney General of Texas – Child Support Division
Financial Activity Report as of 10/25/2010
Case ID: 1596017961     Cause Number: C151295
NCP: FINNEGAN, GARY M     CP: LEWIS, NANCY E

Page     5
Date: 10/25/2010

Q - 5

| Trans Date | Activity Type | Transaction Amount | Amount Due | Child Support Amount Applied | Balance |
|---|---|---|---|---|---|
| | | | | | 42,421.75 |
| | | | | | 42,537.29 |
| | | | | | 42,737.33 |
| | | | | | 42,957.57 |
| | | | | | 43,141.57 |
| | | | | | 43,359.50 |
| | | | | | 43,406.90 |
| | | | | | 43,721.38 |
| | | | | | 53,870.38 |
| | | | | | 44,082.91 |
| | | | | | 44,232.91 |
| | | | | | 44,445.19 |
| | | | | | 44,596.19 |
| | Total | | | | 45,915.19 −1,440.... |

TEXAS
ARREARAGE
BALANCE ON
5/1/2006
$ 44,596.19

EXHIBIT R

## IN THE CIRCUIT COURT, FIFTH JUDICIAL CIRCUIT
## IN AND FOR MARION COUNTY FLORIDA

IN RE:  The Matter of:

Case No.: 42-2005-DR-4030-FG

Nancy E. Lewin,
     Mother,
and
Garry M. Finnegan,
     Father.

_____/

### NOTICE NON-REPRESENTATION

    COMES NOW, the undersigned counsel and hereby gives notice to the Court and to the Mother, Nancy E. Lewin, that the undersigned counsel does not currently, nor has the undersigned previously, represented Garry M. Finnegan. Robert L. Appleget, Jr.'s representation of the Father was concluded on January 25, 2007, according to the Court's records.  The undersigned would request that the Mother cease and desist sending pleadings and correspondence in this matter to her and that all correspondence and pleadings should be directed to the Father at the last known address of record with the Court, which is unknown to the undersigned.

    DATED this 13th day of September 2010.

ANNE E. RADUNS, P.A.

By: _____
Anne E. Raduns, Esquire
Florida Bar No.: 0669415
221 NW 4th Street
Ocala, Florida 34475
Telephone: (352) 840-9660

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished for delivery by U.S. Mail to **Nancy E. Lewin**, 48 Rainforest Drive, Brampton, ON L6R1B1, Canada, this 13th day of September, 2010.

_____
Anne E. Raduns, Esquire

EXHIBIT S-1

NCP Name:     *GARY M FINNEGAN*
CP Name:      *NANCY E FINNEGAN*
OAG Number:   **1595017951**

CAUSE NUMBER *C151295 ~ D*

| IN THE INTEREST OF | § | IN THE *317TH JUDICIAL DISTRICT COURT* |
| *KIMBERLY ANN FINNEGAN* | § | |
| *JENNIFER LYNN FINNEGAN* | § | OF |
| *JOSEPH JAMES FINNEGAN* | § | |
| CHILDREN | § | *JEFFERSON* COUNTY, TEXAS |

**ORDER REDUCING UNPAID CHILD SUPPORT TO JUDGMENT**

On the *3rd* day of *September*, 19 *98*, the Court held a hearing in this cause.

The Attorney General appeared by an Assistant Attorney General.

*NANCY E FINNEGAN, MOTHER* of the *children*, social security number *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*, driver license number *16116506*, hereinafter referred to as Obligee,

[_]   appeared in person (and by attorney _____);

[X]   agreed to the entry of these orders as evidenced by *her* signature;

[_]   although duly notified, did not appear.

*GARY M FINNEGAN, FATHER* of the *children*, social security number *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*, driver license number *16116502*, hereinafter referred to as Obligor,

[_]   appeared in person (and by attorney _____);

[X]   agreed to the entry of these orders as evidenced by *his* signature;

[_]   although duly notified, did not appear.

The Court finds that it has jurisdiction of the parties and the subject matter of this suit, and that the following orders are in the best interest of the *children*.

A record of the proceedings was *Waived* _____.

**CHILDREN**

The Court FINDS that the following *children are* the subject of this suit:

| Name | Sex | DOB | SSN | DL# | Birthplace |
| KIMBERLY ANN FINNEGAN | F | 10/24/82 | 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 | N/A | PITTSBURGH PA |
| JENNIFER LYNN FINNEGAN | F | 6/28/84 | 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 | N/A | |
| JOSEPH JAMES FINNEGAN | M | 6/21/91 | 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 | N/A | SUMTER SC |

ORDER REDUCING UNPAID CHILD SUPPORT TO JUDGMENT          PAGE *1* OF *8*

## PRIOR ORDER

The Court FINDS that on *1/16/96* the Court ordered *GARY M FINNEGAN*  to pay current child support of *$443.50 monthly*, beginning *11/1/95* and *monthly thereafter.*

### JUDGMENT ON ARREARS

The Court FINDS, RENDERS and CONFIRMS that *GARY M FINNEGAN* is in arrears in the amount of $ *15,351.26* as of *8-26-98* . ~~is~~ This includes all unpaid child support and any balance owed on previously confirmed arrearages or retroactive support judgments as of the specified date, but does not include application of any child support paid on that date.  The judgment for this amount is a cumulative judgment.

The Court GRANTS JUDGMENT against *GARY M FINNEGAN* and in favor of the Attorney General in the amount of $ *15,351.26* , with interest at the rate of 12% per annum, for collection and distribution according to law.

The Court ORDERS *GARY M FINNEGAN*, Obligor, to pay said child support judgment ~~by paying $_____ on or before the ____ day of~~ ~~_____, 19___, and~~ by paying $ *155.00* each month beginning the *1st* day of *October* , 19*98* , payable on or before that date and on or before the same day of each month thereafter until the arrearage is paid in full, or on the termination of current support for ~~any~~ *all* child the subject of this suit.

~~Thereafter, the Court ORDERS Obligor to pay said child support judgment by paying $_____ each month on or before the same day of each month until the arrearage is paid in full, or on the termination of current child support for any child the subject of this suit.~~

~~Thereafter, the Court ORDERS Obligor to pay said child support judgment by paying $_____ each month on or before the same day of each month until the arrearage is paid in full, or on the termination of current child support for any child the subject of this suit.~~

If *GARY M FINNEGAN* has not paid the judgment in full by the date *his* current child support obligation ends, the Court ORDERS *him* to pay the remainder of said judgment by paying $ *305.00* each month on or before the same day of each month until the arrearage is paid in full. The withholding order authorized herein shall include such payments, but nothing herein shall prohibit the use of other collection methods authorized by law.

ORDER REDUCING UNPAID CHILD SUPPORT TO JUDGMENT                    PAGE *2* OF *8*

*GARY M FINNEGAN* is placed on notice that should *he* fail to pay current child support, or toward the child support arrearage as ordered herein, the Attorney General may pursue an administrative action to suspend any or all licenses *he* may have.

Pursuant to Texas Family Code § 157.269, the Court retains jurisdiction over this matter until all arrearages are paid in full as required by the court order.

### PAYMENT OF CHILD SUPPORT, FEES AND COSTS

The Court ORDERS *GARY M FINNEGAN* to pay all child support to:

*JEFFERSON COUNTY DISTRICT CLERK OFFICE*
*P O BOX 3586*
*BEAUMONT, TX 77704*

who shall forward such payments to:

The Office of the Attorney General
P.O. Box 13499
Austin, TX 78711-3499

for distribution according to law.

~~The Court FINDS that *GARY M FINNEGAN* should pay reasonable attorney fees~~ directly to the Office of the Attorney General. ~~The Court GRANTS JUDGMENT against *GARY M FINNEGAN* and in favor of the Attorney General in the amount of $ _____ and ORDERS him to pay the attorney fees on or before the _____ day of _____ , 19 _____ directly to:~~

~~The Office of the Attorney General~~
~~P.O. Box 13499~~
~~Austin, TX 78711-3499~~

The Court ORDERS *GARY M FINNEGAN* to pay court costs of $ *all* to the District Clerk of *JEFFERSON* County, Texas, on or before the *1st* day of *December* 19 *99* .

### INCOME WITHHOLDING

The Court ORDERS, pursuant to Texas Family Code Chapter 158, any employer of *GARY M FINNEGAN*, current or subsequent, to withhold income from the disposable earnings of *GARY M FINNEGAN* for the *children's* support as set out in the EMPLOYER'S ORDER TO WITHHOLD EARNINGS FOR CHILD SUPPORT entered herein. Any income withheld from *GARY M FINNEGAN's* disposable earnings for child support and paid according to this order shall be credited against *his* child support obligation, but shall not discharge any of *his* child support obligation that exceeds the amount so credited.

The Court ORDERS the Clerk of the Court, upon request, to cause a certified copy of the EMPLOYER'S ORDER TO WITHHOLD EARNINGS FOR CHILD

SUPPORT, with a copy of Texas Family Code Chapter 158 attached, to be delivered to *GARY M FINNEGAN*'s employer.

The Court ORDERS *GARY M FINNEGAN* to provide any subsequent employer with a copy of the EMPLOYER'S ORDER TO WITHHOLD EARNINGS FOR CHILD SUPPORT entered herein.

## STATUTORY WARNINGS

FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT.  A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD.  REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER.  THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE.  IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT AND, THE STATE CASE REGISTRY WITH CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT.  A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

## NOTICE TO THE ATTORNEY GENERAL

All notices required in the above Statutory Warnings shall additionally be given by delivery of the notice in person or by mailing the notice to:

    The Office of the Attorney General
    *CHILD SUPPORT UNIT 0502E*
    *1110 CALDER AVE*
    *BEAUMONT TX 77701*

or by facsimile transmission to *(409)832-6563.*

## REVIEW

Pursuant to 42 USC 466(a)(10), a parent subject to a child support order, at least every three years, has the right to request a review of the ordered child support amounts by contacting the Child Support Division of the Office of the Attorney General.

## MODIFICATION OF SUPPORT ORDER

The Court finds that since rendition of the order entitled *ORDER ON MOTION TO MODIFY IN SUIT AFFECTING PARENT-CHILD RELATIONSHIP* signed on *1/16/96* there has been a material and substantial change in the circumstances of the *children* or parties, or it has been three years since the order was rendered or last modified and the monthly amount of the child support award under the order differs by either 20 percent or $100 from the amount that would be awarded in accordance with the child support guidelines, which warrants the following modification of the existing child support order.

### REGULAR CHILD SUPPORT

The Court ORDERS *GARY M FINNEGAN* to pay *NANCY E FINNEGAN* regular child support of $ *150.00* each month beginning the *1st* day of *October* , 19 *98* , payable on or before that date and on or before the same day of each month thereafter while any child is less than 18 years of age or while any child is fully enrolled in an accredited school in a program leading toward a high school diploma, whichever occurs last, or until every child is otherwise emancipated.

The Court ORDERS *GARY M FINNEGAN* to pay all child support through the registry prescribed in this decree, and any direct payments by *him* or any expenditures incurred during *his* periods of possession shall be deemed in addition to and not in lieu of the child support ordered herein.

The Court ORDERS that the child support provisions of this order shall be an obligation of the estate of *GARY M FINNEGAN*, and shall not terminate on *his* death.

Other: *na*

## CHILD SUPPORT GUIDELINE FINDINGS

The Court FINDS, pursuant to Texas Family Code § 154.130:

(1)  the monthly net resources of the OBLIGOR per month are
     $ _505.83_, from U.S. Air Force retirement/disability;

(2)  the monthly net resources of the OBLIGEE per month are
     $ _N/A_ ;

(3)  the percentage applied to the OBLIGOR'S net resources for child
     support by the actual order rendered by the Court is
     _30_ %;

(4)  the amount of child support if the percentage guidelines are
     applied to the first $6,000 of the OBLIGOR'S net resources is
     $ _150.00_ ;

(5)  ~~if applicable, the specific reasons that the amount of child~~
     ~~support per month ordered by the court varies from the amount~~
     ~~stated in Subdivision (4) are:~~

     [_] ~~the Court ordered OBLIGEE, instead of OBLIGOR, to provide~~
         ~~the health insurance for the child(ren); and:~~

     [_] 
                                                                   ; and

(6)  if applicable, the OBLIGOR is obligated to support children in
     more than one household, and:

     (A)  the number of children before the court is _3_ ;

     (B)  the number of children not before the court residing in the
          same household with the OBLIGOR is _O_ ; and

     (C)  the number of children not before the court for whom the
          OBLIGOR is obligated by a court order to pay support,
          without regard to whether the OBLIGOR is delinquent in child
          support payments, and who are not counted under Paragraph
          (A) or (B) is _O_ .

RECOMMENDED:                          APPROVED AND ORDERED:


_____            _____
MASTER PRESIDING                     JUDGE PRESIDING

_____            _____
DATE                                 DATE


_____            _____
VICTORIA H PERO                      GARY M FINNEGAN, Obligor
Assistant Attorney General           SSN: 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
Child Support Division
Texas Bar No. 15794670
CHILD SUPPORT UNIT 0502E
1110 CALDER AVE
BEAUMONT, TX 77701
Telephone No. (409)832-1606
FAX No. (409)832-6563


_____            _____
NANCY E FINNEGAN, Obligee


FILED
DISTRICT COURT OF
JEFFERSON CO. TEXAS
'98 SEP -4 P2 :00


ORDER REDUCING UNPAID CHILD SUPPORT TO JUDGMENT          PAGE 8 OF 8

*EXHIBIT S-2*

## IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
## IN AND FOR MARION COUNTY, FLORIDA

IN RE: The Marriage of:
**GARY M. FINNEGAN,**
    Former Husband,

and

**NANCY E. FINNEGAN, n/k/a,
NANCY E. LEWEN,**
    Former Wife.

Case No.: **2005-4030-DR-FG**

*Robert Appleget Esk
Attended as counsel*

---

## FINAL JUDGMENT OF DOMESTICATION AND MODIFICATION OF FOREIGN DECREE
## OF DIVORCE

**THIS CAUSE** having come before the Court upon the Order Setting Trial, upon the appearance of the Former Husband, **GARY M. FINNEGAN,** in person and by his counsel, upon the appearance of the Former Wife, **NANCY E. LEWEN,** *Pro Se,* telephonically, the Court having reviewed the court file and the partial Mediation Agreement signed by Husband and by Wife, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law:

A.    This Court has jurisdiction over the parties, the children, and the subject matter of this action;

B.    On or about December 1, 1993, a final Decree of Divorce was entered in the District Court of Jefferson County, Texas, in the 317 Judicial District (hereinafter referred to as the "Final Judgment") regarding child custody, visitation and child support. *Doesn't Acknowledge numerous modifications.*

C.    There has been a substantial change in circumstances since the entry of the Final Judgment.

D.    The Court reserves jurisdiction to address the issue of child support arrearage owed to the both the Former Husband and Former Wife, if any, as it relates to the parties now adult children, **KIMBERLY ANN FINNEGAN**, DOB: 10/24/82; **JENNIFER LYNN FINNEGAN**, DOB: 6/28/84, and the parties minor child, **JOSEPH JAMES FINNEGAN**, born June 21, 1991, when the proper information is provided to the Court.

E.    That the partial Mediation Agreement was entered into by the parties after full disclosure, entered into freely and voluntarily by the parties and under the circumstances appears on the evidence to be in the best interest of the parties and the children.

Therefore it is accordingly;

**ORDERED AND ADJUDGED** as follows:

1.    <u>Domestication</u>: The Former Husband's Petition to Domesticate Foreign Final Decree of Divorce and Supplemental Petition for Modification of Foreign Decree of Divorce as it relates to primary physical residence, shared parental responsibility, child support, and visitation, and support is hereby **granted.**

2.    <u>Primary Physical Residence</u>: The Former Husband shall have primary physical residence of the parties minor child, **JOSEPH JAMES FINNEGAN,** born June 21, 1991.

3.    <u>Shared Parental Responsibility</u>: Parental responsibility for the minor child of the parties shall be shared by both the Mother and the Father. Shared parental responsibility means that both parties retain full parental rights and responsibilities

with respect to their child and requires both parties to confer so that major decisions affecting the welfare of the child will be determined jointly. The areas of responsibility in which the parties shall confer include, but are not limited to, education, medical, and dental care.

Each parent shall be entitled to complete information from any doctor, dentist, or other health care provider attending to the child and from any school or school authority instructing the child. The names, addresses, and telephone numbers of both parties will be on school and medical records, with a notation that both parents will be called in case of an emergency affecting the child. Each parent shall endeavor to inform the other of any serious illness, accident, or trauma affecting the child. Each parent shall endeavor to inform the other of school conferences, activities, and other matters affecting the child.

Neither the Father nor the Mother shall do anything which may estrange their child from the other parent. Neither party shall make disparaging remarks regarding the other parent to the child or in the child's presence. Each parent shall foster love, respect, and understanding between the child and the other parent. Neither the Father nor the Mother shall annoy, harass, or otherwise abuse the other party.

4. <u>Visitation</u>: The Former Wife shall have visitation with the minor child, **JOSEPH JAMES FINNEGAN**, born June 21, 1991, as follows:

a. At any time the Former Wife is in the State of Florida, she may attend any and all of the child's school functions and/or after school

activities and have visitations with the minor child.

      b.     The Former Wife may have summer visitations with the minor child for the year 2006 any time commencing  May 19, 2006 thru June 5, 2006.

      c.     The parties shall arrange all future summer visitations as agreed upon.

      d.     The Former Wife shall have holiday visitations with the minor child on an alternating basis as agreed upon by the parties.

      e.     The Former Husband shall notify the Former Wife of the date of the family reunion that is scheduled to occur during the Christmas break of 2006 and the Former Wife shall have Christmas visitation with the minor child during the other half of Christmas break of 2006.

      f.     The Former Wife shall have liberal visitations with the minor child as agreed upon by the parties in accordance with the minor child's extra-curricular school activities.

5.     Address and Telephone No.:    Each party shall immediately notify the other, in writing,  of any change of address and/or telephone number.

6.     Child Support: Jurisdiction to resolve all issues of past, present and/or current child support as it relates to all of the parties children shall be reserved until the Court is provided with the proper information required to make such a determination.

7.     Modifications: Except as modified herein, all prior orders shall remain

in full force and effect.

     8.   <u>Jurisdiction:</u> The Court retains jurisdiction over the parties, the child and the subject matter of this action to enter such other and further orders as to the Court seems meet and proper.

     **DONE AND ORDERED** in Chambers at Ocala, Marion County, Florida this 5th day of May 2006.

SANDRA EDWARDS - STEPHENS
_____
**Sandra Edwards-Stephens
Circuit Court Judge**

<u>**CERTIFICATE OF SERVICE**</u>

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail delivery to **Robert L. Appleget, Jr, Esquire**, Post Office Box 1472, Ocala, Florida 34478; **Nancy E. Lewen,** 13 Beech Street, Stoneboro, PA 16153 this 5th day of May 2006.

Lien K. Williams-Swab
_____
**Lien K. Williams-Swab
Judicial Assistant**

IN THE CIRCUIT COURT, FIFTH JUDICIAL CIRCUIT,
IN AND FOR MARION COUNTY, FLORIDA



IN RE:

Gary M. Finnegan,
Former Husband,

and

Nancy E. Lewen F/K/a
Nancy E. Finnegan,
Former Wife.

CASE NO: 05-4030-DR-FG

**MEDIATION CLOSE-OUT REPORT**

---

**ATTENDANCE:**
(✓) Husband and Wife attended.
( ) Husband attended but Wife failed to appear.
( ) Wife attended but Husband failed to appear.
( ) Mother and Father attended.
( ) Father attended but Mother failed to appear.
( ) Mother attended but Father failed to appear.
( ) Neither party appeared.  Appointment scheduled for both parties.

**ISSUES:**
___✓___ Custody
___✓___ Visitation
___✓___ Financial
_____ Counseling/Conciliation

**OUTCOME:**
_____ No Agreement
_____ Agreement Reached (Attached)
___✓___ Partial Agreement (Attached)

**COMMENTS:**

DATED this 13ᵗʰ day of April _____, 2006.

Copies furnished for:
(✓) Court Case File
( ) ~~Attorney for~~ Wife/Mother, Pro Se
( ) Attorney for Husband/Father

Rollin E. Tomberlin, Mediator
Suite 202
Ocala, FL 34470
(352) 629-6000
Certification No.: 1680F
Fla. Bar  No. 394874

FW = Former
Wife

FH = Former
Husband

# Parties'
## Mediation Agreement

The parties agree as follows:

① The FH shall be the primary physical residential parent of the parties' minor son.

② All other issues shall be decided by the Court at the Final Hearing

*Gary Finnegan*      *Nancy S Server*
                                           3/12/06

*R.E. ___*

③ The parties waive the 10 day period of time to object to this Agreement and agree that this Agreement is binding immediately.

EXHIBIT S-3

## IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
## IN AND FOR MARION COUNTY, FLORIDA

IN RE: The Marriage of:                    Case No.: **2005-4030-DR-FG**
**GARY M. FINNEGAN,**
        Former Husband,

and

**NANCY E. FINNEGAN, n/k/a,**
**NANCY E. LEWEN,**
        Former Wife.
_____/

*Anne E. Radens Esq.
Attended this
hearing as counsel.
Arrearage from texas
was ignored.*

## ORDER ESTABLISHING  CHILD SUPPORT, RETROACTIVE CHILD SUPPORT AND METHOD OF PAYMENT

**THIS CAUSE,** having come before me upon the Former Husband's Motion to Establish Child Support, Retroactive Child Support and Method of Payment, upon the appearance of the Former Husband in person, upon the appearance of counsel for the Former Husband, upon the appearance of the Former Wife via telephone, *Pro Se,* the Court having heard testimony of the parties and argument of counsel and being otherwise fully advised in the premises makes the following findings of fact and conclusion of law:

A.      The Former Wife did not make any child support payments to the Former Husband since the entry of the Final Judgment in May, 2006.

B.      The Former Wife owes retroactive child support from May, 2006 through August, 2006.

C.      The Former Wife voluntarily is underemployed.  The Court imputed the Former Wife's income at the rate of $9.00 per hour at forty ( 40 ) hours per week.

D.      The Former Wife's current child support obligation is established at

$325.63 per month.

E.      The Former Wife's retroactive child support is established to be $1302.52 and shall be payable at the rate of $25.00 per month until said retroactive support obligation is paid in full.

F.      Counsel for the Former Husband expended two hours in preparation of this instant matter at the rate of $200.00 per hour.  Counsel for the Former Husband acknowledged the Former Wife's financial position and agreed to the reasonable and reduced fee in the amount of $250.00 as and for attorneys' fees for the instant child support issue only.

Therefore it is accordingly;

**ORDERED AND ADJUDGED** as follows:

1.      Commencing September 1, 2006 the Former Wife shall pay the sum of $325.63 per month as and for her current child support obligation.  Said support shall continue until the first occurrence of the following:

a.      The death of the  child;

b.      Attainment of the child's 18th birthday;

c.      The valid marriage of the child;

d.      A lawful entry of the  child into the military service of the United States for a continuous period of time for one year or more;

e.      The child becoming self-supporting by permanent and full time employment, exclusive of holidays and vacations; or

f.      Further order of the Court.

h.     Notwithstanding the provisions recited above, the support rights of the child and the obligation of the Former Wife to pay support for the child shall continue for the child if the child is dependent in fact, is between the ages of eighteen (18) and nineteen (19), and is still in high school, performing in good faith with a reasonable  expectation of graduation before the age of nineteen (19).

2.     Commencing September 1, 2006 the Former Wife shall pay the sum of $25.00 per month as and for her retroactive child support obligation until the sum of $1,302.52 is paid in full.

3.     The Former Wife shall pay the $325.63 per month current  child support, and the $25.00 per month retroactive child support directly to the Former Husband until an account is activated with the State of Florida Disbursement Unit.  Once activated, child support shall be paid directly to the State of Florida Disbursement Unit, P.O. Box 8500, Tallahassee, Florida 32314-8500, and shall include the statutory Clerk's Fee of 4% of the payment or $5.25, whichever is less, except no fee shall be less than $1.25.  Said payments shall be in the form of a cashier's check, money order, or check with this case number, County code 42, and the parties names thereon. Both parties are required to immediately inform the Clerk of Court, 110 N.W. First Avenue, Ocala, Florida 34475 of any change of name or address. In addition, the Husband  shall also inform the Clerk in writing of any change of employment or other source of income supplying the name of the employer, income source and mailing address.

4.     The Former Wife shall pay directly to counsel for the Former Husband, Anne E. Raduns-Owen, Esquire, PO Box 1472, Ocala, Florida 34478, the sum of $250.00 representing the attorneys' fees and costs associated with this instant child support matter.

5.     Except as modified herein, all prior Orders and Judgments shall remain in full force and effect.

6.     The Court retains jurisdiction over the parties, the child and the subject matter of this action to enter such other and further Orders as to the Court seems meet and proper.

**DONE AND ORDERED** in Chambers at Ocala, Marion County, Florida this 8th ~~September~~ _ day of ~~August~~, 2006.

SANDRA EDWARDS - STEPHENS
_____
**SANDRA EDWARDS-STEPHENS**
**Circuit Court Judge**


**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U. S. Mail delivery to **Nancy E. Lewen**, 13 Beech Street, Stoneboro, PA 16153, and **Anne E. Raduns-Owen, Esquire**, P.O. Box 1472, Ocala, Florida 34478 on this 8th day of ~~August~~ September 2006.

Lien K. Williams-Swab
_____
**LIEN K. WILLIAMS-SWAB**
**Judicial Assistant**

*Filename FINNEGAN*

*Unemployed HUSBAND ALLEGED to pay $326/month child care center expenses for a teenage football player.*

## CHILD SUPPORT GUIDELINES WORKSHEET

| Number Of Children | COMBINED | WIFE | HUSBAND |
|---|---|---|---|
| | 1 | 0 | 1 |
| **Taxable Income Amounts** | | | |
| Self Employment Taxable Income | 0.00 | 0.00 | 0.00 |
| Social Security Taxable Income | 1,560.00 | 1,560.00 | 0.00 |
| Other Taxable Income | 0.00 | 0.00 | 0.00 |
| Taxable Spousal Support Income | 0.00 | 0.00 | 0.00 |
| Non Taxable Income | 3,949.00 | 0.00 | 3,949.00 |
| **GROSS INCOME** | 5,509.00 | 1,560.00 | 3,949.00 |
| **Spousal Support Payments** | | | |
| Deductible This Marriage | 0.00 | 0.00 | 0.00 |
| Deductible Prior Marriage | 0.00 | 0.00 | 0.00 |
| Non Deductible | 0.00 | 0.00 | 0.00 |
| **TOTAL SPOUSAL SUPPORT** | 0.00 | 0.00 | 0.00 |
| **Taxes** | | | |
| FICA - Social Security | 96.72 | 96.72 | 0.00 |
| FICA - Medicare | 22.62 | 22.62 | 0.00 |
| Self Employment Tax | 0.00 | 0.00 | 0.00 |
| Federal Income Tax | 96.92 | 96.92 | 0.00 |
| State/Local/Other Income Tax | 0.00 | 0.00 | 0.00 |
| **TOTAL TAX** | 216.26 | 216.26 | 0.00 |
| **Other Deductions** | | | |
| Mandatory Union Dues | 0.00 | 0.00 | 0.00 |
| Mandatory Retirement Payments | 0.00 | 0.00 | 0.00 |
| Parent's Health Insurance Payments | 0.00 | 0.00 | 0.00 |
| Child Support Ordered and Paid | 0.00 | 0.00 | 0.00 |
| Total Other Deductions | 0.00 | 0.00 | 0.00 |
| **Total Deductions** | 216.26 | 216.26 | 0.00 |
| **Net Monthly Income** | 5,292.74 | 1,343.74 | 3,949.00 |

| | COMBINED | WIFE | HUSBAND |
|---|---|---|---|
| **Percentage Share Of Support** | 100.00% | 25.39% | 74.61% |
| **Minimum Child Support Need** | | | |
| Child Care Costs Paid | 1,038.00 | 0.00 | [illegible] |
| 75% Child Care Costs Paid | 244.50 | 244.50 | 244.50 |
| Health Insurance For Children | 0.00 | 0.00 | 0.00 |
| Unreimbursed Med / Den / Pres | 0.00 | 0.00 | 0.00 |
| **Total Minimum Child Support Need** | 1,282.50 | | |
| **Presumptive Guidelines Share** | PRIMARY | | |
| Presumed Amount To Be Paid | | 325.63 | 712.37 |
| Uncov DayC/Med/Den/Pres Paid | 0.00 | 0.00 | 244.50 |
| **Presumptive Guidelines Share** | 325.63 | 325.63 | 956.87 |
| High Guidelines | 341.91 | | 1,004.71 |
| Low Guidelines | 309.35 | 16.28 | 909.03 |
| 5% Range | | 47.84 | |
| **Adjustments** | | | |
| **ADJUSTED GUIDELINES** | 325.63 | 325.63 | 712.37 |
| ☐ Manual Child Guidelines | | | |
| **Net Available Income Analysis (For Family)** | | | |
| Net Child Support Amount | 0.00 | 325.63 | 712.37 |
| Available Income | 5,292.74 | 2,056.11 | 3,236.63 |
| Per Capita Income | | 2,056.11 | 1,618.32 |
| Adjusted Affidavit Needs | | 0.00 | 0.00 |
| Excess / Deficit | 5,292.74 | 2,056.11 | 3,236.63 |
| **Available Income Analysis Without Children** | | | |
| Affidavit Needs Less Child Expenses | 0.00 | 0.00 | 0.00 |
| Available Income Without Children | 5,292.74 | 1,343.74 | 3,949.00 |
| Excess / Deficit Without Children | 5,292.74 | 1,343.74 | 3,949.00 |
| **Percentage Retained Income Analysis** | | | |
| Gross Income | | 131.80% | 81.96% |
| Earned Income | 131.80% | 131.80% | 0.00% |
| Net Income | 153.01% | 131.80% | 81.96% |

| CHILD SUPPORT GUIDELINES WORKSHEET | | | |
|---|---|---|---|
| | A. HUSBAND | B. WIFE | TOTAL |
| 1.  Present Net Monthly Income<br>Enter the amount from last line, Section 1 of Florida<br>Family Law Form 12.902(b) or (e), Financial Affidavit. | 3,949.00 | 1,343.74 | 5,292.74 |
| 2.  Basic Monthly Obligation<br>There is/are 1 minor child(ren) common to the parties.<br>Using the amount on line 1 enter the appropriate amount from<br>the child support guidelines chart. | | | 1,038.00 |
| 3.  Percent of Financial Responsibility<br>Divide the amount on line 1A by the amount on line 1 to get Father's<br>percentage financial responsibility. Enter answer on line 3A.<br>Divide the amount on line 1B by the amount on line 1 to get Mother's<br>percentage financial responsibility. Enter answer on line 3B. | 74.61 % | 25.39 % | |
| 4.  Share of Basic Monthly Obligation<br>Multiply the number on line 2 by the amount on line 3A to get<br>Father's share of basic obligation. Enter answer on line 4A.<br>Multiply the number on line 2 by the amount on line 3B to get<br>Mother's share of basic obligation.  Enter answer on line 4B. | 774.45 | 263.55 | |
| Additional Support - Health Insurance, Child Care & Other | | | |
| 5a.  75% of  Monthly Child Care Costs<br>[Child care costs should not exceed the level required to provide<br>quality care from a licensed source for the child(ren).  See section<br>61.30(7) Fla. Stat. for more information.] | | | 244.50 |
| 5b.  Total Monthly Child(ren)'s Health Insurance Costs<br>[This is only amounts paid for insurance on the child(ren).] | | | 0.00 |
| 5c.  Total Monthly Uncovered Child(ren)'s Medical /<br>Dental / Prescriptions | | | 0.00 |
| 5d.  Total Monthly Child Care & Health Care Costs<br>[Add lines 5a + 5b + 5c] | | | 244.50 |
| 6.  Additional Support Payments<br>[Multiply the number on line 5d by the percentage on 3A Father's share]<br>[Multiply the number on line 5d by the percentage on 3B Mother's share] | 182.42 | 62.08 | |
| Statutory Adjustments / Credits | | | |
| 7a.  75% of  Monthly child care payments actually made | 244.50 | 0.00 | |
| 7b.  Monthly health insurance payments actually made | 0.00 | 0.00 | |
| 7c.  Monthly unallocated uncovered medical, dental and<br>prescription drug expense payments actually made | 0.00 | 0.00 | |
| 8.  Total support payments actually made  [Add 7a through 7c] | 244.50 | 0.00 | |
| 9. MINIMUM CHILD SUPPORT OBLIGATION FOR<br>EACH PARENT        [Line 4 plus Line 6; minus line 8] | 712.37 | 325.63 | |

**Substantial Shared Parenting (GROSS UP METHOD) If the noncustodial parent exercises visitation at least 40 percent of the overnights in the year (146 overnights in the year) complete Nos. 10 - 21**

| | A. HUSBAND | B. WIFE | TOTAL |
|---|---|---|---|
| 10. Basic Monthly Obligation x 150% [Multiply line 2 by 1.5] | ///// | | |
| 11. Increased Basic Obligation for each parent. Multiply the number on line 10 by the percentage on line 3A to determine the Father's share. Enter on line 11A. Multiply the number on line 10 by the percentage on line 3B to determine the Mother's share. Enter on line 11B. | | | ///// |
| 12. Percentage of overnight stays with each parent. The child(ren) spend(s) 0 with the father each year. Using the number on the above line, multiply it by 100 and divide by 365. Enter this number on line 12a. The child(ren) spend(s) 365 with the mother each year. Using the number on the above line, multiply it by 100 and divide by 365. Enter this number on line 12b. | | | ///// |
| 13. Parent's support multiplied by other Parent's percentage of overnights [Multiply the number on line 11A by the percent on line 12B to get father's financial responsibility. Enter answer on line 13A.] [Multiply the number on line 11B by the percent on line 12A to get mother's financial responsibility. Enter answer on line 13B.] | | | ///// |
| **Additional Support - Health Insurance, Child Care & Other** | | | |
| 14a. Total Monthly Child Care Costs [Child care costs should not exceed the level required to provide quality care from a licensed source for the child(ren). See section 61.30(7) Fla. Stat. for more information.] | ///// | ///// | |
| 14b. Total Monthly Child(ren)'s Health Insurance Cost [This is only amount actually paid for health insurance on the child(ren).] | | | |
| 14c. Total Monthly Child Care & Health Costs [Add lines 14a and 14b] | ///// | ///// | |
| 15. Additional Support Payments. Multiply the number on line 14c. by the amount on line 3A to determine Father's share. Enter on line 15A. Multiply the number on line 14c. by the amount on line 3B to determine Mother's share. Enter answer on line 15B. | | | ///// |
| **Statutory Adjustments / Credits** | | | |
| 16a. Monthly child care payments actually made | | | ///// |
| 16b. Monthly health insurance payments actually made | | | ///// |
| 17. Total support payments actually made [Add 16a through 16b] | | | ///// |
| 18. Total Additional Support Transfer Amount. [Line 15 minus line 17; Enter any negative number as Zero] | | | ///// |
| 19. Total Child Support Owed from Father to Mother | | ///// | ///// |
| 20. Total Child Support Owed from Mother to Father | ///// | | ///// |
| 21. Actual Child Support to Be Paid [Subtract the smaller amount owed from the larger amount owed and enter the result in the column for the parent that owes the larger support amount] | | | ///// |

## CHILD SUPPORT GUIDELINES WORKSHEET

Date: 08/29/2006
File Name: FINNEGAN

## CHILD SUPPORT ARGUMENTS AND ANALYSIS

|  | COMBINED | WIFE | HUSBAND |
|---|---|---|---|
| **5% Range Analysis** | | | |
| Presumptive Guidelines Share | | 325.63 | 956.87 |
| 5% Range | | 16.28 | 47.84 |
| Low Guidelines | | 309.35 | 909.03 |
| High Guidelines | | 341.91 | 1,004.71 |
| **Net Available Income Analysis (For Family)** | | | |
| Adjusted Affidavit Needs | | 0.00 | 0.00 |
| Available Income | 5,292.74 | 2,056.11 | 3,236.63 |
| Per Capita Income | | 2,056.11 | 1,618.32 |
| Excess / Deficit | 5,292.74 | 2,056.11 | 3,236.63 |
| **Available Income Analysis Without Children** | | | |
| Affidavit Needs Less Child Expenses | | 0.00 | 0.00 |
| Available Income Without Children | 5,292.74 | 1,343.74 | 3,949.00 |
| **Excess / Deficit Without Children** | 5,292.74 | 1,343.74 | 3,949.00 |

### Percentage Retained Income Analysis

|  |  |  |
|---|---|---|
| **Gross Income** | 131.80% | 81.96% |
| **Earned Income** | 131.80% | 0.00% |
| **Net Income** | 153.01% | 81.96% |

EXHBIT S-4

# IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
## IN AND FOR MARION COUNTY, FLORIDA.

IN RE: The Former Marriage of          CASE NUMBER:2005 4030 DR FG
GARY FINNEGAN,
      Former Husband,
and
NANCY FINNEGAN
n/k/a NANCY LEWEN,
      Former Wife.
_____/

## ORDER DENYING FORMER WIFE'S MOTION TO SET ASIDE
## DEFAULT OR DEFAULT JUDGMENT

The Court scheduled a hearing on the Former Wife's Motion to Set Aside Default or
Default Judgement for September 2, 2010. At the time of the scheduled hearing, movant and
opposing party failed to appeared or contacted the Court to request a continuance.  Therefore it
is,

**ORDERED AND ADJUDGED:**

1.  Former Wife's Motion to Set Aside Default or Default Judgement is **denied.**

2.  The Clerk of Circuit Court, Family Civil Division is directed to close the reopened
case that was reopened on the Former Wife's filing with the Clerk on July 13, 2010.

**DONE AND ORDERED** in Chambers, Ocala, Florida September **3**, 2010.

            Sandra Edwards-Stephens, Circuit Court Judge

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy hereof was sent by regular U.S. Mail on
September **3**, 2010 to the following:

**Nancy Lewen**
**Former Wife**
48 Rainforest Drive
Brampton, Ontario Canada L6R 1B1

**Gary Finnegan**
**Former Husband**
18 Chestnut Place
Ocala, Florida 34480

           By

EXHIBIT - T



# TA&P

### TROW, APPLEGET & PERRY
#### LAWYERS FOR PEOPLE & BUSINESSES

CHESTER J. TROW  •  ROBERT APPLEGET, JR.  •  RICHARD A. PERRY  •  ANNE E. RADUNS-OWEN  •  THOMAS J. DOBBINS

June 16, 2006

The Honorable David R. Ellspermann,
Clerk of Court
Marion County Judicial Center
110 NW First Avenue
Ocala, Florida 34475

*FILED FAMILY CIVIL*
*06 JUN 16 PM 4:42*
*DAVID R. ___
CLERK CIRCUIT COURT
MARION COUNTY, FL*

      Re: <u>Finnegan v Finnegan</u>
      Case No.: 2005-4030-DR-FG

Dear Clerk:

      Enclosed please find the Motion to Establish Child Support in the above-referenced matter. This filing should not require the fifty ($50.00) dollars filing fee, in light of the fact jurisdiction to establish child support was reserved in the Final Judgment of Domestication and Modification of Foreign Decree of Divorce.

      Thank you for your attention.

                Respectfully submitted,

                TROW, APPLEGET & PERRY

By: _____
                Robert L. Appleget, Jr., Esquire

RLA: rns
Enclosures
cc:   Nancy Lewen

*Certified A True Copy*
*of __ page document*
*this 3 day of NOV 2010*
*DAVID R. ELLSPERMANN*
*Clerk of Court*
*BY _____ D.C*

EXHIBIT · U



## TROW, APPLEGET & PERRY
### LAWYERS FOR PEOPLE & BUSINESSES

CHESTER J. TROW  •  ROBERT APPLEGET, JR.  •  RICHARD A. PERRY  •  ANNE E. RADUNS-OWEN  •  THOMAS J. DOBBINS

RECEIVED

August 29, 2006

The Honorable Sandra Edwards-Stephens
Circuit Court Judge
Marion County Judicial Center
110 NW First Avenue
Ocala, Florida 34475

*Sandra Edwards-Stephens
Circuit Judge*

     Re: Finnegan v Finnegan
     Case No.: 2005-4030-DR-FG

Dear Judge Edwards-Stephens:

     Enclosed please find the Order Establishing Child Support and Method of Payment, in the above-referenced matter, together with copies and envelopes.  A copy of same has been mailed to the Former Wife for her review.

     Accordingly, if same meets with your approval, please enter the Order and have your Judicial Assistant conform the appropriate copies and mail them in the stamped self-addressed envelopes provided for her convenience.

     Thank you for your attention.

Respectfully submitted,
TROW, APPLEGET & PERRY

By: Anne E. Raduns-Owen, Esquire

AERO: rns
Enclosures
cc:   Nancy Lewen

Certified A True Copy
of ___ page document
this ___ day of ___ 20___
DAVID R. ELLSPERMANN
Clerk of Court
                D.C

*FILED BY MAIL '06*

THE ORLEANS BUILDING  •  SECOND FLOOR  •  21 N. MAGNOLIA AVE.  •  OCALA, FL 34475
352.840.9660 (PH)  •  352.369.8832 (FAX)

EXHIBIT V

IN THE CIRCUIT COURT OF THE _____ FIFTH _____ JUDICIAL CIRCUIT,
IN AND FOR _____ MARION _____ COUNTY, FLORIDA

Case No.: 2005-4030-DR-FG
Division: _____

Nancy E. Lewen
_____
                    Petitioner,

and

Gary M. Finnegan
_____
                    Respondent.

## MOTION TO SET ASIDE DEFAULT OR DEFAULT JUDGMENT

I, (full legal name) _____ Nancy E. Lewen _____, request that the Court enter an order to set aside the ( ) Default (✓) Default Judgment entered against me and that I be given the opportunity to present my views.

The Court should do this because:

1. I became aware of this Default/Default Judgment on {date} 5/5/2006;9/8/2006

2. I found out about this in the following manner *(explain how you found out)*: During hearings that I attended telephonically as a pro se out of state party.
   _____
   _____
   _____

3. I did not answer or appear at the hearing because: n/a.
   Being socioeconomically disadvantaged, I did appear to the best of my ability and attempted to enforce the Full Faith and Credit Clause of the United States Constitution but was unsuccessful in doing so when going up against Robert Appleget.
   _____
   _____

4. If I am given an opportunity, these are the defenses and arguments that I would like to tell the court about: All child custody, visitation, child support, and contact information orders in this judgment should be set aside pursuant to Fla. RCP 1.540(5) regarding "prior judgment or decree upon which it is based has been reversed or otherwise vacated." Judgment that was "registered" with Court by Robert Appleget for Gary Finnegan was not prior controlling order. All children now over age 19. Whereabouts of father and son are unknown. Court should decline jurisdiction for new orders by reason of conduct [Fla. Stat.61.521]

**Marion County Florida**
**Fifth Judicial Circuit Court**

Nancy E. Lewen
Petitioner
v
Gary M. Finnegan
Respondent

2005-4030-DR-FG

## DEMAND TO COURT DISCOVERY OF MITIGATING EVIDENCE

Dear David Ellspermann and Judge Sandra Edwards-Stephens;

The decision to modify a parent's child support obligation is largely within the sound discretion of the trial court upon consideration of the evidence.   *Freeman v. Freeman, 615 So. 2d 225 (Fla. 5th DCA 1993).*

In August 2005 as an act of fraud against the Court, Robert Appleget registered null and void child custody and child support orders holding them out to be the prior controlling orders.  This act concealed prior controlling order dated September 2, 1998 and was an intentional and unjustifiable action by Robert Appleget Esq. and Gary M. Finnegan.  Orders that were fraudulently registered to your Court had actually been modified in proceedings initiated by Gary M. Finnegan by and through his attorney, Jeffery Shelton, on June 5, 1995.

Child Support orders were subsequently generated on September 8, 2006 that were **rubber stamped in the name of Judge Sandra Edwards-Stephens** including "child care" expenses from Father's worksheet discretely incorporated into the child support orders for a fifteen year old teenager.  These orders also ignored a large child support arrears from the Court holding prior jurisdiction in defiance and contrary to the Full Faith and Credit for Child Support Orders Act.  [U.S. Code Title 28 Part V Chapter 115 Sec. 1738B.]

During prior hearing in Jefferson County Texas 317th District Court on September 2, 1998, the Father provided evidence to the Texas Office of the Attorney General of lack of income other than partial military retired disability income due to inability to work because of  disability.  The Father furthermore provided evidence to the Texas Office of the  Attorney General of a doctor's certification of inability to drive a vehicle due to disability.  The Father also provided evidence to the Attorney General of evidence of inability to ambulate unassisted.

The Veteran who you awarded child care costs to, for child care expenses for the fifteen year old teenager, had been previously rated by the Department of Veteran's Affairs as *100 percent disabled based on individual unemployability (IU).*   To receive such rating, a veteran must be unable to secure or retain employment by reason of service-connected (SC) disability.  The veteran was at the time of the entrance of your orders rated *unemployable by reason of Service Connected disability* having met the schedular requirements of 38 CFR 4.16.

FLORIDA STATUTE 402.302(1) DEFINES "CHILD CARE" AS THE CARE, PROTECTION, AND SUPERVISION OF A CHILD, FOR A PERIOD OF LESS THAN 24 HOURS A DAY ON A REGULAR BASIS, WHICH SUPPLEMENTS PARENTAL CARE, ENRICHMENT, AND HEALTH SUPERVISION FOR THE CHILD, IN ACCORDANCE WITH HIS OR HER INDIVIDUAL NEEDS, AND FOR WHICH A PAYMENT, FEE, OR GRANT IS MADE FOR CARE.  FOR THE PURPOSE OF CHILD SUPPORT ORDERS, FLORIDA STATUTE 16.30 (7) FURTHER DEFINES "CHILD CARE" AS _COSTS INCURRED ON BEHALF OF THE CHILDREN DUE TO EMPLOYMENT, JOB SEARCH, OR EDUCATION CALCULATED TO RESULT IN EMPLOYMENT OR TO ENHANCE INCOME OF CURRENT EMPLOYMENT OF EITHER PARENT._

On September 8, 2006, in hearing based upon facts and matter of law, the Veteran satisfied you that he had met the requirements of Florida Statute 402.302(1) and Florida Statute 16.30 regarding child care costs for the teenager, and judgment was entered for child care incorporated into "child support."  I am asking that you disclose the discretionary evidence that influenced your decision to grant child care costs on September 8, 2006.

Please provide a copy of any evidence of the father's employment or employability to the Mother.  Please provide a copy of that evidence to the Court holding prior Continuing Exclusive Jurisdiction, the Jefferson County 317th District Court, Case #151295.  **Please also provide a copy of that evidence of employment or employability to the Department of Veteran's Affairs and the Social Security Administration.**

Robert Appleget's deceit was an unethical act contrary to Florida Bar Rules of Professional Conduct Rule 4-8.4 (a)(b)(c).  This act of fraud and disregard for the Full Faith and Credit Clause of the US Constitution has prejudiced me for socioeconomic reasons as an out of state pro se litigant.

If you do not condone this unjustifiable conduct and act of fraud, please set this fraudulent judgment aside pursuant to Fla.R.C.P. 1.540 and decline jurisdiction for entering any new child support orders in this case pursuant to Florida Statute 61.521, "Jurisdiction declined by reason of conduct". This request is made within a reasonable time of the child who was the subject of these orders turning 19 years old.

The child who is the subject of these orders turned 19 years old on June 21, 2010.  Marion County Florida court records indicate the last known address of the child is a house that was foreclosed on in case # 42-2008-CA-004034-AXXX-XX filed 8/7/2008.  There has been no contact since your failure to enforce the Father's willful contempt of your visitation orders in 2006, after which the Father changed his phone number and abandoned his home.  When you have entered judgment based upon facts and matters of law, please have the Clerk of this Court send a **signed copy,** (not rubber stamped,) of  the judgment you enter to the Clerk of the Jefferson County Texas 317th District Court, which is the Court holding Continuing Exclusive Jurisdiction for final judgment against Gary M. Finnegan for child support arrears of approximately $100,000 owed to Nancy E. Lewen.

Nancy E. Lewen